FAULKNER v. MOWRY.

5-1386                    307 S. W. 2d 860

Opinion delivered November 25, 1957.

[Rehearing denied January 13, 1958.]

*J. B. Milham,* for appellant.

*Claude A. Fuller,* for appellee.

ED. F. McFADDIN, Associate Justice. This is an effort by a divorced woman to set aside the property settlement in the divorce decree but to retain the benefits of having the divorce.

On October 23, 1956 the Carroll Chancery Court, Western District, rendered a decree dissolving the bonds of matrimony between Ray Y. Mowry (the present appellee) and Katherine Mowry (the present appellant), and approving the property settlement contract between the parties. Mrs. Mowry married Mr. Faulkner a few days later; and then on December 5, 1956 filed the present effort[1] to set aside the property settlement contract

---

[1] This pleading was entitled: "Motion and complaint to modify and vacate that part of the decree rendered in the above styled cause that affects the title to the lands owned by the entirety by plaintiff and defendant."

approved in the said decree of October 23, 1956. Mrs. Mowry .(Faulkner) claimed, *inter alia,* that the decree approving the property settlement contract was void because rendered in the wrong District of Carroll County; and that the property settlement contract was obtained from her by fraud, duress and over-reaching. The former husband, Ray Y. Mowry, denied all material allegations in the said motion to vacate. The Chancery Court heard the motion on evidence *ore tenus* and denied Mrs. Mowry — Faulkner's motion[2]; and she prosecutes this appeal.

Ray and Katherine Mowry were married more than twenty-eight years ago and lived together as husband and wife until shortly before September 12, 1956. Mrs. Mowry (about twenty years younger than Mr. Mowry) became enamored of Mr. Faulkner and decided she wanted to divorce Mr. Mowry. On September 12, 1956 Mrs. Mowry retained Honorable F. O. Butt as her attorney, and he filed for her a suit for divorce against Mr. Mowry on the ground of indignities, and sought certain property rights[3]. Mr. Mowry was not willing for Mrs. Mowry to have the property she sought. They had several conversations away from the attorneys; and Mrs. Mowry was so anxious to get an immediate divorce that she was willing to surrender all property rights for $500.00 cash. When she told Mr. F. O. Butt of her decision, he withdrew from the case, but left the divorce suit pending in the Court so that his withdrawal would not be considered as prejudicing her case or delaying her eagerness for a divorce[4].

---

[2] The record before us contains the Chancellor's written opinion which has been of benefit to this Court.

[3] The complaint was filed in the Western District of Carroll County, and as to residence and venue alleged: "Plaintiff states that she is a citizen and resident of the State of Arkansas, and of the above County and District, and continuously has so been for more than ten years next last past; and that her cause of divorce occurred in said State, and within the five years next last past."

[4] Mr. Butt wrote Mrs. Mowry under date of October 3, 1956 a letter which is in the record and which reads in part: "Dear Mrs. Mowry: Since the conference in my office day before yesterday, I have been much troubled in determining what should be my further course in your divorce suit. When you hurriedly left I assumed it was for the moment, and you would return shortly, . . . but you did not . . . I know no way to reach you but by post. At that conference I was

Mrs. Mowry signed the written "property settlement agreement" whereby for $500.00 she agreed to surrender all claims to property and execute deeds thereto. She did execute the deed in the office of Honorable C. A. Fuller, Mr. Mowry's attorney. This was on the 22nd of October. Mr. Mowry filed answer and cross-complaint in the pending action, claiming that he was entitled to a divorce from Mrs. Mowry on the grounds of cruel and barbarous treatment and also indignities. As regards the property settlement, the cross-complaint alleged: ". . . that the plaintiff and defendant have entered into a property settlement, as per copy attached, marked Exhibit A . . ."

Mrs. Mowry understood that the divorce decree would be obtained by Mr. Mowry on October 22, 1956. Carroll County is divided into two districts — the Western District, with court at Eureka Springs; and the Eastern District, with court at Berryville[5]. On October 22, 1956 Chancery Court was supposed to be in Eureka Springs, but as a matter of fact, the Chancellor was holding Court at Berryville on that day, as well as on October 23rd. Accordingly, on October 23rd, Mr. Mowry and his attorney and witnesses went to Berryville and presented the case to the Chancellor, who there heard the evidence, signed the decree, and approved the property settlement. The decree was duly entered in the Western District of Carroll County at Eureka

prompted then and there to retire from your case in view of your refusal to accept my counsel and caution about the terms of the contract there signed . . . I am persuaded that after a reasonable time — a week—a month—a year—you will reach the same conclusion and wonder how it came about that your efforts of 28 years resulted in your becoming practically a pauper. $500 is nothing for a woman of your age to start a new life on; before you realize it, it will be gone; and then the natural impulse is to search out someone to blame for your situation, and equally naturally the blame be placed on your lawyer for permitting you to pauperize yourself . . . From the day after filing your complaint, you have repeatedly detailed to me what 'friends' have advised you, always suggesting that I was contriving to delay your obtaining a divorce decree . . . I am withdrawing as your counsel. I shall leave on file your original complaint. The case will stand for trial on the 22nd just as before and every right you have will be preserved just as at present. Ample time exists to find another lawyer . . . For my time and service, no fee is charged . . ."

[5] Act No. 74 of 1883 made the division of Carroll County into the two districts mentioned.

Springs on October 23, 1956. Mrs. Mowry waited at Eureka Springs for the decree to be granted. As soon as it was filed and recorded in the Western District of Carroll County, Mr. Mowry delivered to her a copy of the decree. She then went with Mr. Mowry to Mr. Fuller's office, where the $500.00 was delivered to her in full accordance with the property settlement approved by the Court. Mrs. Mowry thereafter married Mr. Faulkner, and then, as heretofore recited, she filed the present motion on December 5, 1956 to vacate the property settlement portion of the decree.

I. *The Validity Of The Decree Rendered in Berryville.* It is clear that Mrs. Mowry agreed that the case could be heard by the Chancellor in Berryville, and that the decree is valid under § 22-433 Ark. Stats., which says in part of the Chancellor: "By consent of parties, or their solicitors of record, he may try any cause and deliver opinions in connection with any litigation pending before his Court, and make and sign decrees in vacation. Such decrees, and all other orders and decrees which a Chancellor may make in vacation, shall be entered and recorded on the records of the court in which the cause, or matter, is pending, and shall have the same force and effect as if made, entered and recorded in term time, and appeals may be had therefrom as in other cases."

II. *Mrs. Mowry-Faulkner's Claim As to Fraud In The Property Settlement Agreement.* We come then to the question of whether Mrs. Mowry was the victim of fraud, duress, or over-reaching, when she signed the property settlement agreement and deed, all of which were approved in the divorce decree. It would serve no useful purpose to detail her testimony. In the main, it is without corroboration. Certainly she did not prove fraud, duress, or overreaching. It is clear from her testimony and other evidence in the record that she was so anxious to get her freedom and marry Mr. Faulkner that she was willing to agree to any property settlement. She was *sui juris* and could agree to surrender such property rights as she desired. She was advised and

warned by Honorable F. O. Butt; but she persisted in her desire for *freedom* so she could marry Mr. Faulkner. She is not claiming that the decree rendered in the Eastern District of Carroll County is erroneous as regards the divorce: no, she wants the divorce to stand. How, then, can she be heard to repudiate the other portion of the decree relating to the property settlement? The answer is that she cannot: she failed to prove fraud, duress, or over-reaching.

In *Oberstein* v. *Oberstein,* 217 Ark. 80, 228 S. W. 2d 615, we refused relief to a party who had conspired to get a "quickie" divorce because such party accepted the benefits of the decree. Mrs. Mowry-Faulkner accepted the benefits of the decree in this case, because she accepted the $500.00 and then married Mr. Faulkner. She proved no fraud, duress, or over-reaching; and she accepted the benefits she desired from the divorce decree.

We have examined the other contentions made by appellant and we find them to be without merit. The Chancellor was correct in refusing Mrs. Mowry-Faulkner's motion. Affirmed.