FAULKNER *v.* MOWRY.

5-1408                                              307 S. W. 2d 789

Opinion delivered December 16, 1957.

*J. B. Milham,* for appellant.

*Claude A. Fuller,* for appellee.

MINOR W. MILLWEE, Associate Justice. Appellant, Katherine Mowry Faulkner, is the former wife of Appellee, Ray Mowry. They married in 1928 and were living about 8 or 10 miles from Eureka Springs, Arkansas, in September, 1956, when she left appellee and they entered into a written property settlement in contemplation of a divorce which was granted to appellee on October 23, 1956. In *Faulkner* v. *Mowry,* 228 Ark. 285, 307 S. W. 2d 860, we upheld the chancery court's denial of appellant's motion to set aside the property settlement,

pointing out that she was so anxious to get her freedom from appellee and marry her present husband that she was willing to agree to any property settlement. In her haste and eagerness to effect the marital transition she also forgot and left behind two finger rings given her by appellee upon their marriage and a small radio, which items were not included in the property settlement.

After the divorce and appellant's remarriage she brought the instant action in replevin to recover the rings and radio which were worth about $300.00. The parties were the only witnesses at the trial in which appellee conceded appellant's ownership and right to possession of the articles and denied that he had unlawfully detained them or deprived her of such possession. It is undisputed that on the day the divorce was granted appellant met appellee and his attorney at a bank in Eureka Springs. In response to her inquiry about the rings and radio counsel for appellee advised her that she was entitled to them and appellee told her they were at the house where she had left them. It is also undisputed that later on the same date appellant mailed a card to appellee asking him to bring the rings to a certain place in Eureka Springs. Appellant testified and appellee denied that he had previously told her he had left the rings with a neighbor for safe keeping.

Appellee also testified that he locked his house about noon on October 24, 1956, when he left in search of a calf; and that when he returned about dark he found a lock on the back door had been forced and that the rings had been taken from a box on a dresser where appellant had left them. The next morning he also discovered the radio was missing. Appellee further stated that, upon receipt of her card written the day before, he concluded she had broken into the house and wrote a letter castigating her for doing so. This letter was introduced at the trial. He made the same accusation when she came to the place on October 27th and obtained other property to which she was entitled under the property settlement. Appellant denied retaking the items or breaking into the house.

Thus the pertinent issue to be determined by the jury was whether appellee unlawfully or wrongfully withheld possession of the property, as appellant contended, or whether the items were taken by appellant, or some third party, without any negligence on appellee's part, as he contended. The jury resolved the issues in appellee's favor under nine instructions given by the trial judge on his own motion after each party had requested a directed verdict but the appellant requested two additional instructions which were refused.

Appellant first argues that the trial court erred in refusing to direct a verdict in her favor. This contention is apparently based on the proposition expressed in the two additional instructions requested by her which, in effect, would have told the jury to find for appellant if she demanded possession of the property on October 23, 1956, without regard to whether appellee actually refused to surrender it and regardless of what actually happened to the property. Appellant relies on such cases as *Harkey* v. *Tillman,* 40 Ark. 551, and *Sibeck* v. *McTiernan,* 94 Ark. 1, 125 S. W. 136. These cases hold that one who wrongfully detains personal property and refuses to surrender it on demand is liable in a replevin action, even though the property may not be in his possession when suit is brought. Appellant's repeated assertion that it is undisputed that she demanded, and that appellee wrongfully refused to surrender, possession of the property on October 23, 1956, is not born out by the record. These questions were determined adversely to appellant upon evidence that is conflicting but substantial and sufficient to sustain the verdict.

Appellant now urges numerous objections to seven of the nine instructions given by the trial court. This argument is predicated on the following objections made at the trial: "I want to object generally to each instruction given by the Court, and specifically to each one of them, because they are not the law, not a correct declaration of the law, and they ignore the right of plaintiff to recover under the law; that where the defendant had possession of the rings at the time she demanded them from him, she would be entitled under plaintiff's theory

to recover, and it would be the Court's duty to instruct the jury for the plaintiff for the rings, or for their value." The objection that the instructions were not the law, etc., amounted to nothing more than a general objection. *St. Louis San Francisco Ry. Co.* v. *Pearson,* 170 Ark. 842, 281 S. W. 910. It is also clear that the objections embraced all the instructions in gross, or *en masse.* It is well settled that general objections to instructions in gross will not be considered on appeal if any one of the instructions be correct. *Quertermous* v. *Hatfield* 54 Ark. 16, 14 S. W. 1096; *H. D. Williams Cooperage Co.* v. *Clark,* 105 Ark. 157, 150 S. W. 568. In holding some of the instructions good, we do not mean to infer that any of them were erroneous. The only portion of the objection that could be said to be specific relates to the same proposition urged in the instructions refused in that it wholly ignored the question of whether the appellee wrongfully refused to surrender possession upon a demand duly made by appellant for such possession on October 23, 1956. The instructions given properly submitted this issue to the jury.

It is finally contended the trial court erred in further questioning the appellant after appellee had rested. No objection was made to the court's action below, and it may not be urged for the first time here.

We find no prejudicial error, and the judgment is affirmed.