FOIT v. FOIT.

5-3233

377 S. W. 2d 611

Opinion delivered April 13, 1964.

*Thompson & Thompson* and *Phil Stratton,* for appellant.

*Spitzberg, Bonner, Mitchell & Hays,* By: *Allan W. Horne,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal involves the property settlement of a divorced couple. Mr. and Mrs. Foit married in 1939 and separated in 1957. After the separation they agreed on a property settlement, and Mrs. Foit obtained an uncontested divorce on August 8, 1862. The property settlement of the parties, as contained in the divorce decree, recited:

"It is further ordered, adjudged and decreed, that defendant pay to Plaintiff, Evelyn Ruth Foit, Twenty Five Hundred Dollars for her interest in the real estate owned by the parties hereto, when said real estate is sold. It is further ordered, adjudged and decreed that plaintiff have all the furniture which is in the house now occupied by plaintiff."

Mrs. Foit received the furniture, but refused to execute a deed to the real estate. Thereupon, in 1963, Mr. Foit deposited $2,500.00 in the Registry of the Court and petitioned that Mrs. Foit be required to execute the deed covering the real estate. After hearing the evidence, the Court, on August 5, 1963, ordered Mrs. Foit to execute the said deed; and from that order Mrs. Foit prosecutes the present appeal, claiming that she was entitled to more than the $2,500.00 and the furniture.

She admitted that she made the property settlement agreement as contained in the decree; and she did not offer any evidence to show that she was misled, defrauded, or under duress; she simply asserted that she was entitled to more than $2,500.00. In other words, she has changed her mind, just as she has changed her attorneys. One attorney represented her in the divorce case in 1962; another represented her in the 1963 proceedings; and now she has the present counsel.

We find no merit to Mrs. Foit's appeal. She was the one who wanted the divorce. Her 1962 attorney told her that she could get more than $2,500.00 and the furniture; but that was what she wanted in the way of a property settlement. Now she wants to retain the divorce, but to reopen the property settlement in the absence of any proof of fraud, duress, or overreaching of any kind. This case has many aspects similar to that of *Faulkner* v. *Mowry*, 228 Ark. 285, 307 S. W. 2d 860; and the holding in that case is ruling here.

Affirmed.

JOHNSON, J., not participating.