WILSON *v.* DAVIS.

5-1900  328 S. W. 2d 249

Opinion delivered October 12, 1959.

[Rehearing denied November 16, 1959]

*J. Fred Jones,* for appellant.

*Sigun Rasmussen,* for appellee.

JIM JOHNSON, associate justice. This case involves a dispute over ownership of a five-foot strip of land off the North edge of Lot 13, and a one-tenth foot strip of land off the South edge of Lot 14 of Block 26 of the U. S. Hot Springs Reservation.

Appellant, Marjory M. Wilson, filed an ejectment suit in the Garland County Circuit Court for possession of a five-foot strip of land off the North end of Lot 13, and for damage in trespass.

Appellee, W. M. Davis, filed a cross-complaint against appellant for the same property plus a one-tenth foot strip of land off the South end of Lot 14, claiming adverse possession and requesting the title to said property be quieted in him.

After hearing the evidence presented, the trial court, sitting as a jury, found as follows:

"That the plaintiff is the owner of the property described as follows, to-wit: A five and one-tenth (5.1) foot strip off the North edge of Lot 13, extending in a straight line from West to East and running

1014

parallel with the North line of said lot, the property being located in Block 26 of the U. S. Hot Springs Reservation. That the defendant is hereby given the opportunity to purchase the aforesaid strip of real property from the plaintiff within sixty days from this date by paying to the plaintiff the sum of Three Hundred Dollars, the value of said land as determined by this Court and upon the payment of said sum of Three Hundred Dollars title to the aforesaid five and one-tenth (5.1) foot strip of property shall immediately vest in the defendant and the defendant shall be the owner thereof but in default of the payment aforesaid plaintiff shall be the owner of said property and the improvements thereon and the defendant herein is hereby ordered and directed to pay all court costs of this action.''

Notices of Appeal by appellant, and Cross-Appeal by appellee were duly filed; this appeal followed.

For Reversal, appellant relies on the following three points:

1. After having found appellant to be the owner of the property involved and entitled to the possession thereof, the trial court exceeded its jurisdiction in giving the appellee an opportunity to purchase the property from the appellant within sixty days from the date of the judgment by paying to the appellant the sum of $300.00.

2. After finding that the appellant is the owner of the property involved and entitled to the possession thereof, the trial court exceeded its jurisdiction in attempting to vest the title to said property in the appellee and attempting to make him the owner thereof upon the payment of $300.00 to the appellant.

3. The trial court erred in each of the above two particulars, and the judgment of the trial court should be reversed and this cause remanded to the Garland County Circuit Court with directions that appellant be awarded the possession of her property as provided by law.

Appellant and appellee are in agreement that the trial court exceeded its jurisdiction and that this case should be reversed on the points relied on by appellant, but the appellee argues that in reversing this case title should be vested in appellee on the theory that the trial court erred in its finding that appellant was the owner, and entitled to the possession of the property involved, and should have found that appellee was the owner by adverse possession.

We agree that the trial court erred in exceeding its jurisdiction. See: *Cloth* v. *Chicago, Rock Island & Pac. Ry. Co.,* 97 Ark. 86, 132 S. W. 1005.

Since this is a law case, the verdict is an entirety which we cannot divide by affirming in part. See: *Manzo* v. *Boulet,* 220 Ark. 106, 246 S. W. 2d 126. The judgment will therefore be reversed and the cause remanded for a new trial.