Randy Lee YEAGER, et al. *v.* Ronald G.
ROBERTS, et ux.

85-222                                                702 S.W.2d 793

Supreme Court of Arkansas
Opinion delivered February 3, 1986

*Bassett Law Firm*, by: *Wm. Robert Still, Jr.*, for appellant.

*Patrick Parsons*, for appellee.

DARRELL HICKMAN, Justice. The circuit judge granted the appellees' motion for a new trial because the jury's verdict was against the preponderance of the evidence. On appeal it is argued

that since the appellees, plaintiffs below, did not move for a directed verdict, they were precluded by ARCP Rule 50(e) from moving for a new trial. We find no merit to this argument and affirm the decision of the trial court.

This is a negligence case involving an accident between a tractor-trailer rig and a car. The issue of liability was virtually conceded by the appellants. The appellants are the driver and owner of the rig. Mrs. Roberts was injured when her vehicle left the highway between Springdale and Huntsville on a curve. She and several others testified that Yeager, the truck driver, forced her off the road. During closing arguments the appellants' lawyer said "We will concede the accident was our fault." Evidence of the appellees' damages was introduced, but the jury returned a verdict for the appellants.

The appellees did not move for a directed verdict at the close of the case but did move for a judgment notwithstanding the verdict, which was denied, and then made a motion for a new trial. The appellants argue that Rule 50(e), as interpreted by us, requires a plaintiff to move for a directed verdict or be precluded from filing a motion for a new trial because the verdict is against the preponderance of the evidence. Rule 50(e) has nothing to do with such a motion for a new trial. That rule provides:

> When there has been a trial by jury, the failure of a party to move for a directed verdict at the conclusion of all evidence, or to move for judgment notwithstanding the verdict, because of insufficiency of the evidence will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict.

A party does not have to make a motion testing the sufficiency of the evidence to go to the jury as a prerequisite to making a motion for a new trial. Motions for directed verdict and judgment notwithstanding the verdict are made to preserve a later argument on the sufficiency of the evidence to go to the jury. ARCP 59 specifically states a motion for a new trial may be granted for eight reasons, one of which is where the verdict is clearly contrary to the preponderance of the evidence. Such a motion does not test the sufficiency of the evidence and is not precluded by Rule 50(e).

■ On appeal we affirm a decision granting a new trial unless we find a manifest or clear abuse of discretion. *Landis* v. *Hastings*, 276 Ark. 135, 633 S.W.2d 26 (1982). None occurred here. The appellees' motion for reimbursement of costs is granted pursuant to Ark. Sup. Ct. R. 9(e).

Affirmed.

PURTLE, J., not participating.