Andrew SHEPHERD *v.* Clinton B. LOOPER

87-16                                            732 S.W.2d 150

Supreme Court of Arkansas
Opinion delivered July 13, 1987

*L. Gene Worsham*, for appellant.

*Rice, Batton, Pierce & Swift, P.A.*, by: *Mackie M. Pierce*, for appellee.

STEELE HAYS, Justice. Clinton Looper (appellee) fishes commercially on the Arkansas River. When his sixteen hoop nets were missing, he suspected Andrew Shepherd (appellant) and, with the help of friends, he apprehended Shepherd and then called the police. Looper filed suit against Shepherd for conversion and Shepherd filed a counterclaim for assault and battery. Nine of the nets were recovered after about a week, but the remaining nets were never recovered.

A jury trial was held and Looper was awarded $20,000 in compensatory damages for his nets and lost income and $10,000 in punitive damages. Appellant moved for a new trial and brings this appeal from the denial of his motion.

Appellant's primary argument for a new trial is that the jury's compensatory award was excessive, and based only on conjecture and speculation. Appellant concedes appellee proved the value of his nets, approximately $160 each, and the loss of a week's earnings ($1,000), but contends there is nothing to substantiate the verdict above a total of $2,120.

Lost profits can be recovered in conversion cases and are subject to rules of certainty as are other claims of lost profits. Dobbs, *Remedies*, § 5.11 (1973). We have held that lost profits must be reasonably certain so the jury is not left to speculate whether there could have been any profits. *Jim Halsey Co.* v. *Bonar*, 284 Ark. 461, 683 S.W.2d 898 (1985).

Here, the jury had only a vague idea about appellee's gross income. There was testimony as to how many pounds of fish he caught per week, which ranged from 300 to 1400 pounds, and the price paid per pound for his fish, from $.70 to $2.49 but there was no evidence as to the amount of profits. There was testimony that the size of the catch varied, that appellee had certain costs of doing business, but there was no proof as to what the costs were. From the evidence before it, the jury could only speculate as to lost profits by appellee.

Appellant also submits there was no evidence to support

punitive damages. He argues that even if the taking was wrongful, punitive damages are improper if the evidence showed no circumstances of force, oppression or intimidation. *Ft. Smith Iron and Steel* v. *Southern Round Bale Co.*, 139 Ark. 101, 213 S.W. 21 (1919). There, we found there was only constructive possession of the property and went on to say that punitive damages should not be given unless there was an intentional violation of another's rights.

From the record it appears appellant admitted having the nets, but claimed he was keeping them to insure the recovery of nets of his own, pursuant to an alleged agreement with appellee. The jury chose not to believe that explanation, and the only other alternative was to infer that appellant, knowing the nets belonged to Looper, had intentionally converted them. The evidence was sufficient to support the award of punitive damages. *Ellis* v. *Feemster*, 285 Ark. 385, 687 S.W.2d 835 (1985).

The proof in this case supported the verdicts for compensatory damages of $2,120 and punitive damages of $10,000. Implicit in ARCP Rule 59 is the trial court's power to grant a new trial where the damages are excessive unless the prevailing party agrees to a remittitur. *Williams* v. *Charles' Sloan, Inc.*, 17 Ark. App. 247, 706 S.W.2d 405 (1986). We reverse and remand for the trial court's refusal to grant a new trial. In some instances where the jury returns a verdict for compensatory damages in an amount greater than the proof will sustain, and an award of punitive damages is not flawed, it may be possible to give the appellee the option of accepting a remittitur to the correct amount. See Brill, *Arkansas Law of Damages*, § 4-3, and *Ray Dodge, Inc.* v. *Moore*, 251 Ark. 1036, 479 S.W.2d 518 (1972) for a discussion of the correlation between punitive and compensatory damages. However, we have recognized that in law cases the two verdicts are interwoven and an error with respect to one requires a retrial of the whole case. *Life and Casualty Ins. Co.* v. *Padgett*, 241 Ark. 353, 407 S.W.2d 728 (1966); *Mowery* v. *House*, 234 Ark. 878, 355 S.W.2d 275 (1962). Here, the disparity between the proof of actual damages, $2,120, and the amount awarded, $20,000, is so pronounced the punitive award may have been affected. *Gordon* v. *McLearn*, 123 Ark. 496, 185 S.W. 803 (1916).

Appellant's remaining arguments — the court should have granted a mistrial because of improper innuendos relative to criminal charges and the verdict forms were incorrect — need not be addressed. The verdict forms are not in the record or the abstract and the mistrial motions were entirely subject to the trial court's discretion.

Reversed and remanded.