Sylvia KNOLES, Personal Representative of the Estate of
Larry Moore, et al. *v.* Jesus SALAZAR, Anders Salazar,
Orange Porter Hillard, and Orange Porter Hillard, d/b/a
Hillard Farms

88-242                                               766 S.W.2d 613

Supreme Court of Arkansas
Opinion delivered March 20, 1989

*Hixson, Cleveland & Rush,* for appellant.

*Roy & Lambert,* by: *David E. Morris,* for appellee.

ROBERT H. DUDLEY, Justice. The primary point of appeal in this case is the alleged inadequacy of a jury verdict. The facts, when viewed most favorably to appellees, as we must do, are as follows: Appellee Orange Porter Hillard authorized his farm employee, appellee Jesus Salazer, to use his pickup truck, but he instructed Salazar not to let his teenage son, appellee Anders Salazar, drive the truck. Anders Salazar had flunked his driver's license exam at least eight times. Hillard saw Anders Salazar driving his truck on two or three occasions and told Jesus Salazar several times not to let his son drive the truck. On the day of the accident the farm employee, Jesus Salazar, contrary to instructions, authorized his son, Anders Salazar, to use the truck to take a freezer from the farm to a vocational-technical school. Anders later went to his parents' home and got permission from his mother to drive the truck to softball practice. On the way to practice he picked up two of his friends, Larry Moore and A.C. Thompson, Jr. After practice Anders drove the truck in a negligent manner and, in a one vehicle accident, wrecked the truck. The passengers, Moore and Thompson, were both killed.

Moore's estate, his mother, stepfather, and sisters filed suit against Anders Salazar, Jesus Salazar, and Orange Porter Hillard. The jury returned a verdict in favor of the Moore estate and against Anders and Jesus Salazar in the amount of $5,211.40, the exact amount of the funeral expenses. The jury did not make a finding against the owner of the truck, appellee Orange Porter Hillard, and did not give an award for mental anguish to decedent Moore's survivors. The appellants moved for

a new trial. The trial court denied the motion. We affirm the trial court's ruling.

Under ARCP Rule 59(a)(5), the inadequacy of the recovery can be a ground for a new trial. When the primary issue in a motion for a new trial is one of liability, as distinguished from the inadequacy of the award, we sustain the trial judge's denial of a new trial when the verdict is supported by substantial evidence. But when the primary issue is the alleged inadequacy of the award, we sustain the trial judge's denial of a new trial unless there is a clear and manifest abuse of discretion. *Fields* v. *Stovall*, 297 Ark. 402, 762 S.W.2d 783 (1989). The trial judge in this case did not clearly and manifestly abuse his discretion.

In a review of the trial court's discretion in denying a new trial because of alleged inadequacy, an important consideration is obviously whether a fair-minded jury might reasonably have fixed the award at the challenged amount. The verdict in this case is understandable and defensible.

The appellants argue that the verdict is inadequate because the decedent's beneficiaries were not given an award for mental anguish. However, before one can recover for mental anguish, he must prove more than normal grief. *St. Louis S.W. Ry. Co.* v. *Pennington*, 261 Ark. 650, 553 S.W.2d 436 (1977). With one exception, all of the testimony on mental anguish came from the appellants themselves. The one exception was the testimony of a deputy sheriff who testified about the mother's and stepfather's reaction when he notified them of the decedent's death. All of the other testimony on mental anguish was offered by one of the appellants, either for himself or for one of the other appellants. They were interested parties, and the testimony of an interested party is taken as disputed as a matter of law. *Waterfield* v. *Quimby*, 277 Ark. 472, 644 S.W.2d 241 (1982). A fair-minded jury could reject the testimony of the interested parties and find that the beneficiaries did not suffer more than normal grief. Similarly, in *Harris* v. *Damron*, 267 Ark. 1141, 594 S.W.2d 256 (Ark. App. 1980), the Court of Appeals affirmed a jury verdict for partial funeral expenses, but no mental anguish award, for the death of an 80 year old woman.

The appellants' next two arguments deal with future mental anguish. An award for mental anguish may cover not only

the mental suffering prior to trial, but also the suffering which is reasonably probable to occur in the future. 22 Am. Jur. 2d *Damages* § 252 (1988). *See also Davis* v. *Green*, 188 F. Supp. 808 (W.D. Ark. 1960). The trial judge obviously thought that future mental anguish was not a recoverable element of damage. As a result, he erroneously ruled that the appellants could not introduce a mortality table showing the probable life expectancies of the appellants, and directed the jury not to consider appellants' attorney's closing argument about future mental anguish.

■■ However, we do not reverse because of those errors. The refusal to allow the mortality table into evidence was an erroneous evidentiary ruling. Pursuant to A.R.E. Rule 103(a), we do not reverse a case because of an erroneous evidentiary ruling unless a substantial right of the party is affected. Here, the appellants were not prejudiced by the ruling. First, the jury found that the appellants did not suffer more than normal grief up to the time of trial, and, second, there was no proof that they would suffer more than normal grief in the future. Thus, common sense dictates that the erroneous ruling on the mortality tables was harmless error.

■ In addition, the trial court, by a cautionary instruction, directed the jury not to consider the appellants' closing argument asking for damages for future mental anguish. The cautionary instruction was an erroneous statement of the law, but the trial judge, pursuant to AMI Civil 2d, 2216, had already instructed the jury that the appellants could recover only for mental anguish which they had "endured." The appellants did not object to this part of the instruction and even proffered their own instruction which asked only for "mental anguish they have endured." No objection was made to the jury instruction which included only past mental anguish. When, in the closing argument, the appellants' attorney asked the jury to award damages for future mental anguish, the trial court correctly acted in requiring the jury to follow the instructions which had been given.

■ The appellants next contend that the trial judge erred in refusing to allow their economic expert to testify about the present value of the decedent's future services and contributions and also in refusing to instruct the jury on the element of damages for future services and contributions. Our law on the

subject is clear. Parents who have been deprived of the services and contributions of a minor during his minority are entitled to the present value of those services, reduced by the reasonable and necessary expenses of providing for the minor through minority. AMI Civil 2d, 2216. If the child as a minor had made contributions to the parents and evidence supported an intention to continue to make them after reaching majority, the parents may recover as well for such future and anticipated contributions. *Missouri Pac. Transp. Co.* v. *Parker*, 200 Ark. 620, 140 S.W.2d 997 (1940); Brill, *Arkansas Law of Damages* § 28-10 (1984).

At the time of his death the decedent was sixteen years old. He had a part time job at a small grocery store where he earned $3,000.75 in 1983 and $877.50 in 1984, the year he was killed. His stepfather testified that, before his death, the decedent spent most of the money he made on himself and his car; that he helped the family a little, but he didn't look to the decedent for support. His mother testified similarly. Neither witness stated that the decedent had expressed a hope or desire, or demonstrated an intention or disposition, to be of financial assistance to the parents after reaching majority. In fact, the stepfather testified that he did not expect the decedent "to get out of school and start sending money."

The appellants' attorney did ask the decedent's mother the following question: "Was Larry the type of boy that, had he survived, and, had you been in financial need, would he give you money, do you think, to provide support for you?" The court sustained an objection to the question on two bases: (1) it called for speculation by the witness and, (2) the issue was whether there were future anticipated contributions, not possible contributions contingent upon the parents' financial needs. Appellants now argue the ruling was erroneous. They do not give us a reason the ruling was erroneous, nor any citations of authority, and no reason is readily apparent to us. Therefore, we do not consider the issue. *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

Appellants next argue that the trial court erred in refusing to allow their economic expert to testify that the present value of the parents' loss of future contributions was $534,113.86. The short answer to the argument is that the trial court correctly

ruled that the appellants failed to establish a factual basis showing that the decedent would have made future contributions to his parents; therefore, the economic expert's testimony was not relevant and would only confuse the jury.

The appellants' last argument is that the jury made a mistake when it did not find Orange Porter Hillard guilty of negligent entrustment of his truck to Anders Salazar. The statement of facts set out in the opening paragraph of this opinion shows there was substantial evidence to support the jury's finding.

Affirmed.