FISHER TRUCKING, INC. *v.* FLEET LEASE, INC.

90-200 803 S.W.2d 888

Supreme Court of Arkansas
Opinion delivered February 4, 1991
[Supplemental Opinion on Denial of Rehearing March 4, 1991.]

452

*Rose Law Firm, A Professional Association*, by: *Charles W. Baker* and *Richard T. Donovan*, for appellant.

*Davidson Law Firm, Ltd.*, by: *D. Westbrook Doss, Jr.*, for appellee.

TOM GLAZE, Justice. The issue in this case is whether an agreement between the Fleet Lease, appellee, and Fisher Trucking, appellant, for the "lease" of thirty-four trucks for thirty-six months was a true lease or a conditional sale in disguise. The appellant stopped making payments under the agreement after approximately fourteen months. As a result of this breach,

appellee filed suit against the appellant, and the appellant counterclaimed alleging that the agreement was actually a conditional sale which was usurious and therefore void as to the unpaid interest. Both parties filed partial summary judgment motions which included this issue. The trial court granted the appellee's motion finding that the transaction was a true lease and that appellant was liable for its breach.

After the trial judge's ruling on the lease issue, the parties stipulated to the facts concerning their transaction and the case was submitted to the jury solely on the issue of damages. Both sides presented testimony supporting their respective calculations on damages, and the jury awarded $1,000,000 to the appellee. Alleging that the amount of damages was excessive, the appellant made a motion for new trial under ARCP Rule 59. This motion was denied by the trial court.

On appeal, the appellant argues that the trial court erred in finding that the agreement was a true lease and not a conditional sale and in denying its motion for a new trial. While we affirm the trial court on the first issue, we agree with the appellant that the amount of damages awarded was excessive. We affirm if the appellant elects to remit the amount in excess, otherwise the cause will be remanded for a new trial.

This court has addressed on other previous occasions the issue of whether a lease was in fact a conditional sale subject to the usury defense. In doing so, the court has determined that the presence of the following factors indicates a conditional sale: 1) the lessor is a finance company; 2) the agreement puts all the risk upon the lessee; 3) the agreement provides the same remedies upon the lessee's default in the payment of rent that would be available to a conditional seller or to a mortgagee upon similar delinquency; 4) the agreement provides that the lessee will upon the lessor's request join the lessor in executing financial statements pursuant to the Uniform Commercial Code and other assurances the lessor deems necessary for protection of the interest of the lessor in the equipment; and 5) there is an absence of any appreciable residual in the lessor at the expiration of the lease. *See Hill* v. *Bentco Leasing, Inc.*, 288 Ark. 623, 708 S.W.2d 608 (1986); *Bell* v. *Itek Leasing Corp.*, 262 Ark. 22, 555 S.W.2d

1 (1977).[1] Under the last factor, which we have referred to as the most fruitful single test, great emphasis is put on the amount the lessee must pay to acquire title after all payments have been made. *See Hill*, 288 Ark. 623, 708 S.W.2d 608.

In applying the above factors to the transaction here, we first note that the facts show that the appellee, the lessor, is not a finance company but has indeed performed as a leasing company. Appellee's sole assets were the thirty-four trucks, and it had leased those trucks to another company before having leased them to the appellant. Next, the agreement was silent as to the appellee's remedies upon default. After the appellant defaulted in its lease payments, the appellee's lenders repossessed the trucks and sold them; this remedy, however, was not provided for in the agreement between the appellant and appellee. In addition, the parties' agreement did not provide for the signing or filing of any financial statements pursuant to the Uniform Commercial Code.

And finally and significantly, the record reflects that an appreciable residual existed in the appellee at the expiration of the lease. In this respect, the appellant did not have a nominal purchase option at the end of the lease period. For example, in *Bell*, we held that an option price for 10 % of the original contract price was nominal. Here, however, the purchase option amount was established at 50 % of the average of three appraisals to be performed by different dealerships. Such an amount certainly is more than nominal. In considering the parties' proof as to the trucks' values at the end of the lease period, the estimated values of each truck ranged from a low of $15,000 to a high of $23,000. Given these appraisal amounts, the lease period clearly did not exceed the expected economic life of the trucks — which is another indicator that the appellee retained an appreciable residual at the end of the parties' lease agreement.

One of the conditional sales indicators is present in the agreement, *viz.*, the agreement appeared to place all the operating risks on the lessee. In this regard, the lessee agreed to be responsible for all operating costs of the truck including but not

---

[1] We note the appellant's reliance on *In re Peacock*, 6 B.R. 922 (N.D. Tex. 1980) in its analysis. However, we believe the factors set out in *Peacock* are sufficiently covered in this court's cases on this issue.

limited to insurance, driver payroll, federal and state payroll taxes, fuel maintenance, licenses, and permits, highway use and ton mileage taxes and any other costs related to complying with federal and state regulations. Even so, when we consider the other factors already discussed above, we believe the trial court was correct in holding the parties' agreement to be a lease. Thus, we affirm the trial court's ruling that the appellee, as lessor, was entitled to a judgment on this issue as a matter of law. ARCP Rule 56(c).

■ We now discuss the damages awarded appellee in the sum of $1,000,000. The appellant made a motion for a new trial arguing that the jury erred in the amount of recovery. Under ARCP Rule 59(a)(5), an error in the assessment of the amount of recovery, whether too large or too small can be a ground for a new trial. When the primary issue on a motion for new trial is the alleged miscalculation of the damages and not a question of liability, we sustain the trial judge's denial of a new trial unless there is a clear and manifest abuse of discretion. *See Knoles* v. *Salazar*, 298 Ark. 281, 766 S.W.2d 613 (1989).

■ Both parties presented testimony and introduced an exhibit to support their respective measure of damages. The appellee's evidence established the amount of damages at $1,209,078.28; the appellant's estimation of damages was much lower, $30,786.47. The jury was instructed that the measure of damages for breach of an equipment lease is the amount that would put the lessor in as good a position as the lessor would have been had the lessee performed his obligations under the lease. In determining the amount of damages suffered by the appellee, the jurors were told they may consider, among others, the following factors: 1) remaining lease payments due and owing from the date of the breach through the remaining term of the lease; 2) the market and rental value of the trucks at the end of the term of the lease; 3) the amount due to appellee's lenders at the end of the lease; and 4) sums received by the appellee's lenders upon the sale of the trucks and the amount of deficiencies owing.

When the appellant breached the lease agreement, the trucks were sold by the appellee's lenders and the amount from the sale was applied to the trucks' loan balance. In the appellee's calculations of the damages no credit is given to the appellant

from the amount from the sale of the trucks. On the other hand, the appellant in calculating the amount of damages failed to consider the remaining lease payments due under the agreement and therefore failed to put the appellee in as good a position as if the lease had been performed.

Considering the appellee's figures offered at trial, the appellant owed $996,936.10 in remaining lease payments to the appellee's lenders. In addition, under the agreement at the end of the lease period, the appellee had the right to sell the trucks at an estimated or appraised value of $660,000 and to use that money to pay off the remaining loan balance of $246,235.50. Appellee, in calculating damages, proposed that any amount left over was to be split between the appellant and appellee. The appellee also included incidental damages of $6,159.68.

Taking the appellee's foregoing calculation of damages, the total amount of damages owed the appellee under the agreement is $1,209,078.28. When the lease was breached, the appellee's lenders received $892,000 from the sale of the trucks and insurance proceeds received due to the loss of one of the vehicles. As previously noted, appellee, in its calculation, never credited this amount against the lease balance amount appellant owed under the parties' agreement. Thus, appellee's failure to deduct the sale proceeds amount from its total amount of damages under the lease results in the appellee getting a double recovery in that amount. Therefore, we must find that the trial judge abused his discretion in not granting a new trial under ARCP Rule 59(a)(5). When this $892,000 amount is deducted from the appellee's total amount of damages due under the lease, the correct amount of damages is $317,078.28. If the appellee remits $682,921.72 pursuant to this holding, the rest of the judgment will be affirmed. Otherwise, the cause must be remanded for a new trial. See Shepherd v. Looper, 293 Ark. 29, 732 S.W.2d 150 (1987); Martin v. Rieger, 289 Ark. 292, 711 S.W.2d 776 (1986).

 *Davidson Law Firm, Ltd.*, by: *D. Westbrook Doss, Jr.*, for petitioner.

No response.

TOM GLAZE, Justice. Appellee files a petition for rehearing stating this court failed to address several matters appellee addressed in its brief. We find no merit in appellee's petition and deny it, but do mention its questions as they pertain to the assessment of damages issue addressed in our opinion. *Fisher Trucking, Inc. v. Fleet Lease, Inc.,* 304 Ark. 451, 803 S.W.2d 888 (1991).

 First, appellee urges the appellant should not have been allowed to question such damages because appellant never objected to the jury instructions. We merely point out that the instructions on damages were correct; however, appellant did properly challenge error in the assessment of the amount of recovery by filing a motion for new trial under ARCP Rule 59(a)(5). Although appellee suggests the appellant was required first to file a motion for directed verdict before filing a motion for new trial, appellee is wrong. *See Yeager v. Roberts,* 288 Ark. 156, 702 S.W.2d 793 (1986). Second, appellee asserts that the majority never decided whether the appellant and its lenders

should have received any consideration in the awarding of damages for the breach of contract between appellant and appellee. We thoroughly discussed and then decided this issue in the affirmative.

Denied.