The Honorable Scott Hunter Prosecuting Attorney 108 Dover Road, P.O. Box 1666 West Memphis, AR 72303
Dear Mr. Hunter:
This is in response to Deputy Prosecuting Attorney John Fogleman's request for an opinion on four questions concerning A.C.A. § 5-36-115 (Cum. Supp. 1991) and the prosecution of individuals for theft of rented or leased property thereunder. The questions will be restated and addressed in the order posed.
The first question is:
 (1) Are the provisions of Arkansas Code Annotated Section 5-36-115 unconstitutional as a violation of due process?
Due process of law, required by the Fifth andFourteenth Amendments to the United States Constitution prior to a deprivation of "life, liberty, or property," is generally discussed in terms of substantive due process and procedural due process. As you do not indicate which of the two you are concerned about, I will generally review the provision in question for compliance with both aspects of due process.
It is my opinion that, with the exception of subsection (c), which will be discussed in response to your second question, A.C.A. § 5-36-115 does not run afoul of substantive due process requirements. While there is generally believed to be a fundamental right to fairness in criminal proceedings, see
Nowak, Rotunda, Young, Constitutional Law, § 11.7, p. 371 (3rd ed. 1986), this statute does not appear to infringe upon that right. Even if it were construed as infringing upon that right, however, it is my opinion that the provision meets the test of strict judicial scrutiny applied to the infringement of fundamental constitutional rights. Under the "strict scrutiny test," as it is often referred to, legislation infringing upon fundamental constitutional rights must be justified by a compelling state interest and the legislation must be closely related to achieving that compelling interest. See, e.g.,Shapiro v. Thompson, 394 U.S. 618 (1969). The compelling state interest behind this legislation is the prevention of and punishment for theft of rented or leased property and the legislation is clearly closely related to achieving that compelling interest.
It is likewise my opinion that A.C.A. § 5-36-115 generally meets the requirements of procedural due process. See generallyMathews v. Eldridge, 424 U.S. 319 (1976). The section provides for notice and a trial prior to the deprivation of an individual's liberty thereunder, and there is no indication that the provision would prevent any trial thereunder from employing the various constitutional safeguards guaranteed defendants. For a discussion of these safeguards, see Nowak, et al.,supra, at pp. 493-95. An individual would presumably have notice of the pending criminal proceeding with ample time to defend against it. In conclusion, then, it is my opinion that A.C.A. § 5-36-115 generally does not violate procedural due process.
The second question is:
 (2) Are the provisions of subsection (c) of Arkansas Code Annotated Section 5-36-115 unconstitutional as a violation of due process?
Subsection (c) of A.C.A. § 5-36-115 (Cum. Supp. 1991) provides:
 It shall be prima facie evidence of intent to commit theft when one who has leased or rented the personal property of another fails to return or make arrangements acceptable with the lessor to return the personal property to its owner within five (5) days, excluding Saturday, Sunday, or state or federal holidays, after proper notice following the expiration of the lease or rental agreement or presents identification to the lessor or renter thereof which is false, fictitious, or not current with respect to name, address, place of employment, or other appropriate items.
Because this provision might be interpreted by a court as creating a mandatory presumption, it is my opinion that it is constitutionally suspect. See Francis v. Franklin,471 U.S. 307 (1985); Sandstrom v. Montana, 442 U.S. 510 (1979). The due process clause of the 14th Amendment requires the State to prove every element of an offense beyond a reasonable doubt, and requiring a jury to infer a presumed fact from proof of certain predicate facts impermissibly relieves the State of its burden of proof. Id. The fact that the inference is rebuttable does not make it any less unconstitutional. See Francis v. Franklin,supra. A jury instruction paralleling § 5-36-115(c) would most likely lead a jury to believe that it must infer intent to commit theft from a person's failure to return rented or leased property within the required time period and thus would be constitutionally impermissible. Id. See also Carella v.California, 491 U.S. 263 (1989); French v. State,256 Ark. 298, 506 S.W.2d 820 (1974).
In summary, to the extent that § 5-36-115(c) might be interpreted as relieving the State of its burden of proving intent to commit theft, I must conclude that it is constitutionally suspect. It should be noted, however, that a carefully worded instruction to the jury, such as one stating that the failure to return rented property might be considered along with other evidence in determining whether the defendant intended to commit theft, might avoid the constitutional problem created by the wording of the statute. See, e.g., Milburn v. State, 260 Ark. 553,542 S.W.2d 490 (1976); AMCI No. 3307, at 259-60 (1979).
The third question is:
 (3) Are rental agreements similar to the one attached to this letter subject to Article 9 of the Uniform Commercial Code and, if so, can such a rental agreement be used in a successful prosecution under Arkansas Code Section 5-36-115?
Article 9 of the Uniform Commercial Code, codified at A.C.A. §§4-9-101 to -507 (1987), does not apply to true leases. See
A.C.A. § 4-9-102 (1987); A.C.A. § 4-92-104 (Cum. Supp. 1991). Article 9 does apply, however, to so-called lease agreements that are truly conditional sales contracts. See
Bell v. Itek Leasing Corp., 262 Ark. 22, 555 S.W.2d 1 (1977). In determining whether a rental agreement is a true lease or merely a conditional sales contract disguised as a lease, the Arkansas Supreme Court has identified a number of factors to be considered. The Court has determined that the following factors indicate that the agreement is a conditional sale rather than a true lease:
 1) the lessor is a finance company;
 2) the agreement puts all the risk upon the lessee;
 3) the agreement provides the same remedies upon the lessee's default in the payment of rent that would be available to a conditional seller or to a mortgagee upon similar delinquency;
 4) the agreement provides that the lessee will upon the lessor's request join the lessor in executing financial statements pursuant to the Uniform Commercial Code and other assurances the lessor deems necessary for protection of the interest of the lessor in the equipment; and
 5) there is an absence of any appreciable residual in the lessor at the expiration of the lease.
Fisher Trucking, Inc. v. Fleet Lease, Inc., 304 Ark. 451,803 S.W.2d 888 (1991). In Fisher, the Court pointed out that under the last factor, great emphasis is placed upon the amount the lessee must pay to acquire title after all payments have been made. Obviously, the determination of whether a lease agreement is a true lease or a conditional sales contract will depend upon the particular agreement involved, as well as the facts surrounding the agreement.
The sample rental agreement attached to your opinion request appears to contain some of the factors that tend to indicate a conditional sales contract. However, we are not in possession of all the facts surrounding the agreement, including those facts surrounding factors (1) and (4) above. Further, the agreement permits the lessee to terminate the lease at the end of any monthly rental period, a factor the Arkansas Supreme Court found determinative in Crumley v. Berry, 298 Ark. 112, 766 S.W.2d 7
(1989). In Crumley, the court stated that the presence of the right to terminate the agreement on the part of the lessee means the lessee is under no obligation to make payments equivalent to the purchase price of the leased goods, and generally precludes a finding that the arrangement is a sale rather than a lease. In light of the Supreme Court's finding in Crumley, supra, it is my opinion that the attached lease agreement would most likely be construed as a true lease outside the scope of Article 9 of the Uniform Commercial Code.
Because it is possible that other rental agreements would be construed as conditional sales contracts rather than true leases and would, thus, be governed by Article 9, I will address your question concerning whether an agreement governed by Article 9 of the U.C.C. could be used in a prosecution under A.C.A. § 5-36-115
(1987). I must state that I am unaware of any provision that would generally prohibit such agreements from forming the basis of a criminal prosecution. Indeed, there are several generally recognized criminal offenses relating to secured transactions.See 69 Am. Jur. 2d Secured Transactions, 654-56 (1973).
The fourth and final question is:
 If Article 9 applies to a rental agreement similar to the one attached to this letter, is there a conflict between Arkansas Code Annotated Section 5-36-115 and Arkansas Code Annotated Section 4-9-311 which gives the debtor a right to transfer his interest in property subject to a security interest notwithstanding a provision of the security agreement to the contrary?
As I have previously stated, it is my opinion that the attached rental agreement is in all likelihood not governed by Article 9. I will address your question, however, because other rental agreements may well be construed to be conditional sales contracts governed by Article 9. In my opinion, the debtor's right under § 4-9-311 to transfer his interest in collateral does not conflict with the prohibition in A.C.A. § 5-36-115 against theft of leased, rented, or entrusted property. While it appears that when a security interest is involved, the individual would more appropriately be charged with the offense of defrauding a secured creditor under A.C.A. § 5-37-203 (1987), it is relatively clear that the debtor's rights under § 4-9-311 would not preclude criminal prosecution under either of these sections. See,e.g., Williams v. State, 641 S.W.2d 236 (Tex.Crim. 1982). Section 4-9-311 only authorizes a debtor to transfer his rights in property; these criminal provisions would appear to penalize transfers made in excess of those rights. Accordingly, I do not find a conflict between the provisions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
CCT/WB:ch