The Honorable Chris Raff Prosecuting Attorney Seventeenth-East Judicial District 411 North Spruce Street Searcy, AR 72143
Dear Mr. Raff:
This is in response to your request for an opinion concerning A.C.A. §5-36-115 (Repl. 1997), "Theft of leased, rented, or entrusted personal property." You have presented the following question:
 Is a prosecution for theft of leased, rented or entrusted personal property pursuant to Arkansas Code 5-36-115 valid when the underlying contract provides that upon completion of the "rental or lease" payments the renter shall own the subject property?
A conclusive answer to your question will depend upon whether the underlying contract is a true lease or a conditional sales contract. It is, however, my opinion that if the underlying contract is a conditional sales contract, then A.C.A. § 5-36-115 is most likely not applicable.
Arkansas Code Annotated § 5-36-115 provides in part:
 (a) Any person is guilty of theft and subject to the punishments prescribed by § 5-36-103 who shall intentionally, fraudulently, or by false pretense take, carry, lead, drive away, destroy, sell, secrete, convert, or appropriate in any wrongful manner any personal property which is leased, rented, or entrusted to the person, or reports falsely of his wealth or mercantile credit and thereby fraudulently obtains possession of that personal property.
The requirement that the personal property in question be leased, rented, or entrusted is an element of the crime. See Cox-Hilstrom v.State, 58 Ark. App. 109, 948 S.W.2d 409 (1997). The prosecution must prove, beyond a reasonable doubt, every element of the crime charged.Norton v. State, 271 Ark. 451, 609 S.W.2d 1 (1980). Accordingly, if the underlying contract is in fact a conditional sales contract, an element of the crime would not be satisfied and a prosecution pursuant to A.C.A. § 5-36-115 would not be proper. This conclusion is supported by A.C.A. §5-36-115 (c) and (e), which provide:
 (c) It shall be prima facie evidence of intent to commit theft when one who has leased or rented the personal property of another fails to return or make arrangements acceptable with the lessor to return the personal property to its owner within five (5) days, excluding Saturday, Sunday, or state or federal holidays, after proper notice following the expiration of the lease or rental agreement or presents identification to the lessor or renter thereof which is false, fictitious, or not current with respect to name, address, place of employment, or other appropriate items.
* * *
 (e) The following factors shall constitute an affirmative defense to prosecution for theft:
 (1) That the lessee accurately stated his name and address at the time of rental;
 (2) That the lessee's failure to return the item at the expiration date of the rental contract was lawful;
 (3) That the lessee failed to receive the lessor's notice personally unless notice was waived; and
 (4) That the lessee returned the personal property to the owner or lessor within forty-eight (48) hours of the commencement of prosecution, together with any charges for the overdue period and the value of damages to the personal property, if any.
Although the foregoing provisions simply set forth a method of establishing a prima facie case and an affirmative defense, the presence of an obligation to return the personal property to the owner at the expiration of the agreement is clearly contemplated. If the agreement is actually a sale whereby the "renter" will own the property upon completion of the "rental" payments, then there is no such obligation.[1]
The determination of whether a "lease" agreement is a true lease or a conditional sales contract will depend upon the particular agreement involved, as well as the facts surrounding the agreement. The Arkansas Supreme Court has indicated that the presence of the following factors would indicate that an agreement is a conditional sale rather than a true lease:
(1) The lessor is a finance company;
(2) The agreement puts all the risk upon the lessee;
 (3) The agreement provides the same remedies upon the lessee's default in the payment of rent that would be available to a conditional seller or to a mortgagee upon similar delinquency;
 (4) The agreement provides that the lessee will upon the lessor's request join the lessor in executing financial statements pursuant to the Uniform Commercial Code and other assurances the lessor deems necessary for protection of the interest of the lessor in the equipment; and
 (5) There is an absence of any appreciable residual in the lessor at the expiration of the lease.
Sutton v. Ryder Truck Rental, Inc., 305 Ark. 231, 807 S.W.2d 905 (1991);see also Fisher Trucking, Inc. v. Fleet Lease, Inc., 304 Ark. 451,803 S.W.2d 888 (1991). In applying the foregoing analysis, the court has identified the absence of any appreciable residual in the lessor at the expiration of the lease as the "most fruitful single test" to distinguish a conditional sale from a lease. Id. Further, the court has stated that when the lessee has the right to terminate at any time and is under no obligation to make payments equivalent to the purchase price of the leased goods, it will generally preclude a finding that the arrangement is a sale rather than a lease. Crumley v. Berry, 298 Ark. 112,766 S.W.2d 7 (1989).
Again, if the underlying contract is a conditional sales contract, then A.C.A. § 5-36-115 is most likely not applicable. Prosecution under A.C.A. § 5-36-103, "Theft of property," would also be unavailable. A person commits theft of property if he "[k]nowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof." A.C.A. § 5-36-103(a)(1) (Repl. 1997) (emphasis supplied). "Property of another person," as defined by the Arkansas Code, does not include "property in the possession of the actor in which another has only a security interest, even though legal title is in the secured party pursuant to a conditional sales contract or other security agreement." A.C.A. § 5-36-101(7). Other remedies may, however, be available to the secured creditor. If the agreement is actually a sale, and the property is subject to a security interest, then the default procedures set forth in A.C.A. § 4-9-501 et seq. will be applicable. In addition, under certain circumstances, a person could be charged with the criminal offense of defrauding secured creditors. See
A.C.A. § 5-37-203. Section 5-37-203(a) provides: "A person commits the offense of defrauding secured creditors if he destroys, removes, cancels, encumbers, transfers, or otherwise disposes of property subject to a security interest with the purpose to hinder enforcement of that interest."[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] It should be noted that A.C.A. § 5-36-115(c) refers to the "property of another." For purposes of A.C.A. § 5-36-101 et seq., "property of another person" means any property in which any person other than the actor "has a possessory or proprietary interest but does not include property in the possession of the actor in which another has only a security interest, even though legal title is in the secured party pursuant to a conditional sales contract or other security agreement." A.C.A. § 5-36-101(7).
[2] In Opinion 91-332, this office opined that the right of a debtor to transfer his rights in property under A.C.A. § 4-9-311 would not preclude criminal prosecution under either A.C.A. § 5-36-115 or A.C.A. §5-37-203. To the extent that Opinion 91-332 suggests that a conditional sales contract may form the basis for a prosecution under A.C.A. §5-36-115, it is hereby modified in accordance with this opinion.