## H. D. WILLIAMS COOPERAGE COMPANY *v.* CLARK.

Opinion delivered October 21, 1912.

1. APPEAL AND ERROR—OBJECTION IN GROSS TO INSTRUCTIONS GIVEN.— A general objection to several instructions will not be considered on appeal if any one of them is good.  (Page 159.)

2. SAME—OBJECTION IN GROSS TO INSTRUCTIONS REFUSED.—A general
objection to several instructions refused will not be considered on
appeal if any one of them is bad. (Page 160.)

Appeal from Cleburne Circuit Court; *George W. Reed,*
Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee brought suit against appellant for treble dam-
ages for the unlawful cutting and removing of certain timber
from his lands. It was alleged that it unlawfully and wilfully
entered upon his lands in June, 1911, and cut and removed
28,456 feet of white oak timber therefrom, of the value of
$300, and damaged and caused a waste of other timber, growing
thereon, of the value of $200, and prayed judgment for treble
damages.

The appellant admitted appellee's ownership of the lands,
and that its employees entered thereon and cut and removed
19,773 feet of timber; denied that it cut the amount claimed
by appellee, and that it was of the value as alleged by him, and
that it caused any damage or waste to the other timber standing
thereon. It denied that it unlawfully and wilfully entered upon
the lands and cut and removed the timber therefrom, and
alleged that it was done by its employees without its knowledge
and consent, and that only 19,773 feet of timber was taken.

The testimony tends to show that appellant's employees
cut fifty-eight oak trees, on the lands of appellee, which stood
along a road, and were within about half a mile of the switch
on the Missouri & North Arkansas Railroad, in easy hauling
distance thereof; that the trees would run from fifteen to
thirty inches in diameter, and were long-bodied, and that
some of them were more than thirty inches.

Appellee and two others testified that they scaled the
timber, and it amounted to 28,456 feet. He stated that the
fair market value of it was $235. It was also testified that
the trees could be cut into logs for $1.00 per thousand, hauled
to the railroad for $2.00; and when delivered there were worth
from $24 to $36 per thousand feet. There was also testimony
to the effect that timber not taken was damaged to the extent
of $75. One witness testified that he saw Clarence Jones,
the foreman of appellant company, in charge of the gang when
they were cutting the timber, and told him it was on the Clark

land, and he said it didn't make any difference. There was other testimony tending to show that the timber was cut by mistake, and that as soon as Sam Giddon, another employee of the company, was notified he immediately stopped the cutting of the timber.

The testimony, on appellant's part, tended to show that only 19,773 feet of timber was taken from the lands, and that $3 per thousand feet was a good price for the standing timber.

No survey of appellant's lands adjoining the lands of appellee, from which the timber was cut, was made prior to the cutting of his timber.

The court gave three instructions, "to the giving of which the defendant objected and excepted, and had its exceptions noted of record." It refused the three asked by defendant. The jury assessed the damages at $775.00, and from the judgment thereon this appeal is prosecuted.

*J. H. Harrod* and *A. Y. Barr*, for appellant.

*S. W. Woods*, for appellee; *E. G. Mitchell*, of counsel.

1. The court did not err in giving instruction No. 2. But its correctness is not properly before this court for consideration, since it was not objected to when given, and the question of its correctness could not be raised for the first time in the motion for new trial. 73 Ark. 259. A general objection to two or more instructions given is bad, and will not be considered on appeal if any of them are good. 32 Ark. 223; 59 Ark. 312; *Id.* 370.

2. A general exception to the court's refusal to give several instructions asked will not be considered on appeal if any of them are bad, or properly refused. 75 Ark. 181.

KIRBY, J., (after stating the facts). Appellant contends that the verdict is excessive, and that the court erred in giving instruction No. 2 over its objection and in refusing to give the three instructions requested by it.

Said instruction numbered 2 relates to the statute requiring persons desirous of cutting and removing timber from any land in the State for the purpose of making staves or to be sawed into lumber, when the boundaries of the land are not already ascertained and known, to have such lands surveyed and the metes and bounds marked and plainly established before cutting the timber therefrom.

The court's action in giving this instruction can not be reviewed here, because of the general objection made to all three of the instructions given, as follows:

"To the giving of which the defendant objected and excepted and had its exceptions noted of record."

This objection was general and embraced all the instructions in gross, and such objections are not considered here if any of the instructions are good. *Wells* v. *Parker,* 76 Ark. 42; *Young* v. *Stevenson,* 73 Ark. 480; *Dowell* v. *Schisler,* 76 Ark. 482.

Appellant's exceptions to the refusal to give its three requested instructions were likewise in gross. "To the court's refusal to give the three above instructions the defendant at the time objected and saved its exceptions, which were noted of record," and it is equally true that a general exception to the refusal to give several instructions requested collectively will not be considered on appeal, if any of such instructions are bad. *Young* v. *Stevenson, supra.*

Two of the requested instructions were covered by one already given by the court, and it is doubtful whether the other was a correct statement of the law.

It was not claimed that the lands of the cooperage company adjoining those of the appellee, from which the timber was cut, had been surveyed and the boundaries ascertained and known, nor did appellant attempt to show that its employees engaged in cutting the timber were acquainted with the boundaries of its lands, further than to say they had a plat of the lands in their possession. A plat of land does not necessarily designate the boundaries thereof on the ground plainly and clearly where it could not be easily mistaken, and there was some testimony from which it could be inferred that the foreman of the employees engaged in cutting the timber knew where the boundary line of Clark's land was before the timber was cut.

The questions whether appellant had reasonable cause to believe and did believe at the time the trespass was committed that the timber belonged to it, as well as the value thereof, were fairly submitted to the jury and upon conflicting testimony they found in appellee's favor. The testimony is sufficient to sustain the verdict, if it was the intention

of the jury to allow treble damages, which the law warranted under the circumstances. *Doniphan Lbr. Co.* v. *Case,* 87 Ark. 169; *Newhouse Mill & Lbr. Co.* v. *Avery,* 101 Ark. 34.

Finding no prejudicial error in the record, the judgment is affirmed.