CAIN *v.* SONGER.

Opinion delivered March 5, 1928.

1. MORTGAGES—DELIVERY OF PROPERTY.—Where a bill of sale of a chattel was intended as a mortgage to secure a debt, delivery of property to the apparent buyer was not necessary to render the instrument valid or effective as a mortgage.

2. TRIAL—INSTRUCTION PRESENTING PLAINTIFF'S THEORY.—In a suit to recover possession of described personal property alleging ownership thereof by purchase and delivery under a bill of sale, in which the testimony conflicted as to whether the bill of sale was executed to evidence a sale or to secure an indebtedness, it was error to refuse an instruction presenting plaintiff's theory that the contract was one of sale.

Appeal from Woodruff Circuit Court, Northern District; W. D. Davenport, Judge; reversed.

Roy D. Campbell, for appellant.

Elmo CarlLee, for appellee.

HUMPHREYS, J.   Appellant brought suit against appellee in the circuit court of Woodruff County, Northern District, to recover possession of certain sawmill machinery, equipment, wagons, horses and mules, particularly describing the property and alleging ownership thereof by purchase and delivery from appellee under a bill of sale executed to him on the 25th day of June, 1924. Appellant executed bond and took possession of the property.

Appellee filed an answer, admitting the execution of the bill of sale, but alleging that it was intended as a mortgage to secure the indebtedness of $500 which he owed appellant, and which had been paid prior to the institution of this suit.

The cause was submitted to a jury upon the pleadings, testimony, and the instructions of the court, which resulted in a verdict and consequent judgment for the value of the property in favor of appellee, from which is this appeal.

The bill of sale, absolute upon its face, was introduced in evidence. The real issue involved was whether the property was delivered to appellant under the bill of sale or whether the instrument was intended as a mortgage to secure an indebtedness of $500, which, of course, would not require a delivery of the property, to be valid or effective.

The testimony introduced by appellant tended to show that the bill of sale was executed to evidence an absolute sale and purchase of the property; whereas the testimony introduced by appellee tended to show that it was intended as a mortgage to secure an indebtedness of $500. Appellant's testimony tended to show that, after the execution of the bill of sale, appellant rented the property to appellee. Appellee's testimony tended to show otherwise. If appellee rented the property from appellant at the time or after executing the bill of sale, it was proof conclusive of a delivery and complete sale. Appellant asked an instruction presenting this theory of his case, which was refused by the court, over his objection and exception. The instruction is as follows:

"If you find that, after the bill of sale was executed, the plaintiff and defendant entered into an agreement for the use of the property under which the defendant was to pay for the use of the sawmill outfit, then you are instructed that there was a delivery of the property after the bill of sale was executed, and you will find for the plaintiff."

This theory of appellant's case was not covered by any other instruction given by the court, and the court erred in not giving the requested instruction.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.