OZARK PACKING COMPANY *v.* STANLEY.

4-8176                                             202 S. W. 2d 352

Opinion delivered May 26, 1947.

750

*Jeta Taylor,* for appellant.

*Yates & Yates,* for appellee.

McHANEY, Justice. Since the appeal in this case was lodged here, the death of appellee is suggested and conceded, and, by agreement the cause has been revived in the name of Jean Casey as administratrix of his estate.

Intestate brought this action against appellants to recover damages for the death of two of his dairy cows and the illness of other dairy cows caused, as alleged, by their eating of deleterious sweet potatoes dumped on his **farm** by appellants' employees without his permission, consent or knowledge, in a place where said cows could

and did get access to them. The potatoes were alleged to be decaying and rotten, that the cows did eat thereof, became sick, from which two of them died. The answer was a general denial. Trial resulted in a verdict and judgment against appellants in the sum of $250. This appeal followed.

For a reversal of the judgment, appellants first contend that the court erred in refusing to direct a verdict for them at their request which was made when intestate rested and again at the conclusion of all the testimony. When we view the evidence in the light most favorable to intestate as we do, we cannot say, as a matter of law, there was no substantial evidence to support a verdict in his favor. It is undisputed that about two tons of cull sweet potatoes were dumped on his land, in his enclosure, by the employees of appellants, and the proof is substantial that many of them were decaying and rotten. It is also undisputed that this dumping was done, without intestate's knowledge or consent, at the request of another employee of appellants, Doyle Seels, who was renting from and living in a house belonging to, or under intestate's control, and about 50 yards from said house, on enclosed land not under the control of Seels. The cows were in an adjoining pasture and gained access to the potatoes and ate some of them some ten or twelve days after they were dumped in the field. The cows broke out of the pasture during a rain and thunder storm. Our statute, § 3206 of Pope's Digest, makes it "unlawful for any person to dump or unload any trash, junk or waste of any kind upon the premises or property of another person or persons without written consent from owner of such premises or property . . . ." Violation is declared to be a misdemeanor and subject to a fine of from $10 to $500. Section 3207.

This statute was violated. It is not contended that intestate consented to the dumping either orally or in writing. It is argued that he learned that the potatoes were there a day or two after they were dumped in his field and should have removed them or because he failed

to do so he was guilty of contributory negligence. We cannot agree that such a result should follow from the wrongful and unlawful act of appellants in dumping the potatoes on intestate's land. He might have required them to remove the potatoes, or he might have removed them himself at their expense. He did remove some of them and intended to remove them all, but the damage was done before he could do so.

We think a case of liability was made for the jury, and that the cases cited by appellants are not in point. They are personal injury cases.

Another argument against the right to recover is that there is no substantial evidence that the loss of his cattle was due to eating the potatoes. We cannot agree. Intestate testified that one of the cows became sick the next day after he saw them eating the potatoes (after the storm) and one the next evening. We think the jury had the right to draw the inference that eating the rotten potatoes caused the damage, especially in the absence of any suggestion of other causes. The cows got to the potatoes only one time and were sick shortly afterwards. Also it is argued that the dumping of the potatoes where they were dumped was not the proximate cause of the injury. This question was submitted to the jury in instruction No. 1, as modified by the court, and we think properly. In *Hook, Admr.,* v. *Reynolds,* 203 Ark. 259, 156 S. W. 2d 242, we held that to constitute proximate cause of an injury, "it must appear that the injury was the natural and probable sequence of the negligent or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." The fact that the cattle broke out of the pasture during a thunder storm some days after the potatoes were dumped and ate of them is not such an intervening cause as to justify the court in holding, as a matter of law, that the wrongful act was too remote.

Error of the court is also argued in the failure to define "proximate cause." A sufficient answer is that appellants did not request the court to define the term.

There is also the contention that instruction No. 2, as modified, is erroneous, on the measure of damages, in directing the jury "to take into consideration the value of the dairy products, if any, lost by plaintiff by reason of the sickness, if any, of his other dairy cows." We consider this in connection with appellants' contention that the verdict and judgment are excessive. There was a verdict and judgment for $250. Intestate's testimony would justify a verdict for $200 for the death of the two cows and $7 for doctor and medical bills. We think the evidence as to the value of the dairy products lost is too indefinite and uncertain to establish a loss of $43. His testimony as to the loss of dairy products was that before they ate the potatoes he was getting about $50 per month from all his cows and that the two that died were his best cows. After their death he got from $15 to $18 per month. The proof does not establish that the decline in production was caused by the sickness of the other cows. It was no doubt caused by the loss of the two best cows that died. This part of the judgment cannot be sustained.

The judgment will, therefore, be reduced by $43 and affirmed for $207 with interest from June 29, 1946, at 6%.