BENNETT v. STATEN.

1571                                313 S. W. 2d 232

Opinion delivered May 19, 1958.

*W. B. Howard,* for appellant.

*Gerald E. Pearson,* for appellee.

J. SEABORN HOLT, Associate Justice. This action was a damage suit filed by appellee, Loren Staten, for personal injuries sustained when he was struck by an automobile driven by appellant, Captola Bennett, in the city of Jonesboro, July 14, 1956. At the time of the injury Staten was pushing a lawn mower on the east side of South Bridge Street in Jonesboro, in a northerly direction, when he was struck by an automobile coming from the rear, operated by appellant, Bennett. Appellee alleged various acts of negligence on the part of appellant and appellant answered with a general denial, and specifically pleaded various acts of contributory negligence on the part of appellee.

A trial to a jury resulted in a verdict in favor of appellee, and a judgment in amount of $2,750 was entered on the verdict. On appeal here appellant does not question the sufficiency of the evidence to support the verdict. For reversal she relies on the following points: ''1. The court erred in failing and refusing to submit to the jury the issue of whether or not the plaintiff was guilty of contributory negligence in pushing his lawn mower in the street with his back to traffic instead of traveling on the sidewalk; as set forth in Defendant's requested Instruction No. 1. 2. The court erred in failing and refusing to submit to the jury the issue of whether or not plaintiff suddenly and negligently stepped in front of defendant's vehicle thereby causing the injuries; as set forth in defendant's requested In-

struction No. 2. 3. The court erred in failing to submit to the jury the issue of whether plaintiff kept a proper lookout and whether he was guilty of negligence in this respect; as set forth in defendant's requested Instruction No. 3. 4. The court erred in failing to tell the jury that a mere accident occurring without negligence gives rise to no liability as set forth in defendant's requested Instruction No. 4.''

Appellant's position is stated in this language: ''The evidence was undisputed that the appellee, while pushing a lawn mower, walked in the street instead of on the sidewalk and that he walked on the right side of the street with his back to traffic traveling in the same direction. It was appellant's theory, as set forth in the answer, that these acts constituted negligence on the part of appellee which caused or contributed to cause the injuries complained of. Appellant had a right to have the jury's attention directed to answering whether these acts constituted negligence which caused or contributed to cause appellee's injuries.'' Appellant frankly concedes that the court properly instructed the jury on appellee's allegations in his complaint that appellant was negligent in driving at an excessive and dangerous rate of speed; failed to keep a lookout for pedestrians, failed to keep her car under control and failed to give reasonable warning of her approach and to use every reasonable precaution to avoid injuring appellee. While she concedes that these instructions were correct, she insists that since she had specifically defended on the ground that appellee was negligent in walking on the wrong side of the street, and in the street instead of on the public sidewalk, darting in front of appellant's vehicle without warning, and failure to keep a proper lookout and pushing his lawn mower in the street instead of on the sidewalk, that she was entitled to have her theory of the case presented to the jury in her Instructions 1 and 2, which the court refused:

These instructions provided: ''1. In your consideration of whether the plaintiff Loren Staten was negligent, you may determine whether or not an ordinarily

prudent person would have, under the same or similar circumstances; (1) Walked in the Street instead of on the sidewalk. (2) Walked on the right side of the street instead of the left side. (3) Pushed a lawn mower in the street instead of on the sidewalk. If you find that an ordinarily prudent person would not have done these things, then the plaintiff Staten was guilty of negligence, and if you further find that such negligence caused or contributed to cause the injuries complained of you will charge the plaintiff with such negligence. 2. The defendant contends that the plaintiff Staten suddenly and without warning changed his course and stepped in front of her vehicle. If you find that this contention is true and that such action was negligence on the part of the plaintiff which caused or contributed to cause the accident in question, then you will charge the plaintiff with such negligence.''

We hold that these instructions were properly refused because they were in effect comments upon the facts presented and were fully covered by other instructions which fairly announced the law applicable to the facts in this case. A judge is ordinarily not permitted to comment on the facts. The record reflects that the court in general terms set out the theory upon which appellee was relying and also the theory of the defense, relied upon by appellant. He further instructed the jury to determine ''which, if either, of the parties were guilty of negligence which caused, concurred, or contributed to cause the injuries complained of.'' He gave the accepted definition of negligence to the jury, and the definition of the meaning of proximate cause and contributory negligence as applied to both parties. The court further properly instructed the jury relative to certain recognized rules of the road which it would consider in determining whether either of the parties was guilty of any negligence. He further instructed covering several traffic statutes of the state pertinent to the facts presented relating to speed of motor vehicles, the duty of the motor vehicle operator upon approaching a pedestrian walking upon or along a public highway, in the language of the particular statute.

As indicated, appellant appears not to complain about these general instructions given by the court, which applied to both parties, but contends that they do not fully cover his theory of the case. We do not agree. As indicated, the instructions given by the court, when considered as a whole, correctly declared the law applicable to the facts presented. Appellant's requested instructions were fully covered by those which the court gave. The facts were not complicated. It was, therefore, not necessary for the jury to be instructed on any particular facts relied upon by appellant, in order to understand and answer appellant's theory of contributory negligence. The court fully and fairly covered appellant's theory of contributory negligence in the following instruction: "No. 5 Contributory negligence is the failure to use ordinary care for his own safety on the part of the person injured, which contributes directly or proximately to his own injury, and but for which, taken in connection with the negligence, if any, of the person sought to be charged, the injury would not have occurred."

Reversible error is committed only where no other instruction was given covering defendant's theory of defense. See *Cain* v. *Songer,* 176 Ark. 551, 3 S. W. 2d 315, and *Pacific Mutual Life Ins. Co.* v. *Smith,* 166 Ark. 403, 266 S. W. 279. In answer to interrogatory No. 1 propounded to the jury, the jury found that defendant (appellant) was guilty of negligence which caused, concurred or contributed to cause plaintiff's (appellee) injuries, and in interrogatory No. 2 the jury found that plaintiff (appellee) was guilty of no negligence causing, concurring or contributing to cause his injuries.

We find no error in the court's refusal to give appellant's Instruction No. 3, which was as follows: "You are told that a pedestrian has an obligation to keep a lookout for the presence of other persons and vehicles upon a street in order to protect himself and if you find that the plaintiff (appellee) failed to keep such a lookout, you may consider such fact upon the proposition of whether plaintiff was negligent." This instruction did not properly declare the law applicable to the facts here.

The court had correctly instructed the jury that "It is the duty of a pedestrian to exercise ordinary care for his own safety;" also, "Pedestrians, as well as motorists, are entitled to use the public highway, each must act with regard to the presence of the other." This was in harmony with our holding in *Walker* v. *Earnheart,* 187 Ark. 1110, 63 S. W. 2d 974, where we said: "The general rule is that a pedestrian has the same right to the use of a public street as the driver of a motor vehicle, and that each is obliged to act with due regard to the movements of the other, and neither is required to anticipate the negligence of the other. The rule is thus stated in *Murphy* v. *Clayton,* 179 Ark. 225, 15 S. W. 2d 391, 393: 'Drivers of automobiles and pedestrians both have a right to the street, but the former must anticipate the presence of the latter and exercise reasonable care to avoid injuring them.' "

Finally, we find no error in the court's refusal to give appellant's following Instruction No. 4: "The court instructs the jury that if they believe from the evidence that the injuries, if any, sustained by the plaintiff were a result of a mere accident, that is, without negligence of anyone, then your verdict will be for the defendant." The facts did not warrant this instruction. What we said in *Newark Gravel Co.* v. *Barber,* 179 Ark. 799, 18 S. W. 2d 331, applies with equal force here: "The appellant urges a reversal of the case, first, on the ground that the injury was due to inevitable accident, and calls attention to authorities holding that no recovery can be had for a mere accident. It is useless to call attention to or to review authorities on this question, because this court has repeatedly held that no one is liable for a mere accident. Moreover, the jury was instructed fully on the question of negligence, and was told that appellee could not recover, unless the injury was caused by the negligence of Austin, and that this negligence must be the proximate cause of the injury . . . If Austin was guilty of negligence that caused the injury, it was not an accident, and appellant is liable. If Austin had been guilty of no negligence, then it would have been an inevitable accident, and there could have been no recov-

ery. These questions, however, were submitted to the jury under proper instructions, and the jury's verdict is against appellant on this issue. Moreover, there is no evidence in the record tending to show an unavoidable accident."

As indicated, the jury here, under proper instructions, had found that appellant was guilty of negligence and that appellee was free of any negligence. We find no evidence in this record that even tends to show an unavoidable accident. The text writer in C. J. S. Vol. 65, Sec. 264, Negligence, (e) announces the general rule applicable here in this language: "Ordinarily the issue of inevitable or unavoidable accident should be submitted to the jury where it is raised by the evidence; and such issue is raised when, and only when, there is evidence tending to prove that the injury resulted from some cause other than the negligence of the parties. It is not raised and may not be submitted for consideration by the jury where either party was guilty of negligence in the situation which resulted in the injury, or if there is no evidence tending to prove that something other than the negligence of one of the parties caused the injury complained of . . ."

Finding no error, the judgment is affirmed.