Carolyn GILLIAM *v.* Harold THOMPSON, et al.

93-119                                    856 S.W.2d 877

Supreme Court of Arkansas
Opinion delivered July 5, 1993

*Bracey & Bracey*, by: *Bill E. Bracey, Jr.*, for appellant.

*Snellgrove, Laser, Langley & Lovett*, by: *Todd Williams*, for appellees.

DONALD L. CORBIN, Justice. Appellant, Carolyn Gilliam, fell while descending the stairs at the Capri Apartments in Blytheville, Arkansas, and broke her ankle. The last step, on which appellant fell, is made of concrete and attached to a landing made of the same material. Appellant filed a complaint against the owners of the Capri Apartments, Harold C. Thompson, Sr. and Edell Thompson, d/b/a Capri Apartments, alleging they were negligent in failing to maintain the stairs in a reasonably safe condition and failing to warn of the unsafe condition of the stairs, which negligence was a proximate cause of her injury. A jury trial was held and the jury found for the defendants. Appellant filed this appeal.

Appellant raises two arguments on appeal. Appellant first argues the trial court failed to clearly and properly instruct the jury on the law applicable to the case. Appellant next contends the trial court erroneously denied her motion for a new trial because there was not substantial evidence to support the verdict.

We will first address appellant's argument as to the lack of substantial evidence to support the verdict. On review of a trial court's denial of a motion for a new trial, we affirm if the verdict is supported by any substantial evidence. *Isbell* v. *Ed Ball Constr. Co.*, 310 Ark. 81, 833 S.W.2d 370 (1992). Substantial evidence means evidence which compels a conclusion one way or the other and is more than mere speculation or conjecture. *Ray* v.

*Green*, 310 Ark. 571, 839 S.W.2d 515 (1992). In determining whether the verdict is supported by substantial evidence, we give appellee the benefit of all reasonable inferences permissible under the proof. *Id.* The trial court has some discretion in granting or denying a new trial, but that discretion is limited, and the "trial court is not to substitute its view of the evidence for that of the jury's unless the jury verdict is found to be clearly against the preponderance of the evidence." *Id.* at 572, 839 S.W.2d at 516.

It is undisputed that appellant fell and broke her ankle on the last step of appellees' building. Appellant's argument on this point centers upon her allegation that the stairway violated the Standard Building Code as adopted by the city of Blytheville. Looking at the evidence in the light most favorable to appellee, there was evidence at trial that the building was designed by a licensed and registered architect, the steps were approved by the city inspector after they were installed, the stairs were in essentially the same condition at the time of appellant's accident as when they were first installed, and there had never been an injury of this type on any of the stairs in the apartment complex. Harold Thompson, Jr., the appellees' son and partner, testified that there had to be a landing at the bottom of the stairway where the pre-fabricated stairs met the parking lot to adjust the steps to the grade or the terrain of the parking lot. He also testified that the treads were all of uniform width and the siderail extended to the leading edge of the last tread in compliance with the Standard Building Code. Appellant testified the day was clear and the steps were dry. Additionally, photographs were introduced by both sides of the steps where appellant fell in which the bottom step appellant fell on is clearly visible and distinguishable from the bottom landing of the same material. The jury was instructed that violation of the Standard Building Code was evidence of negligence. This constitutes substantial evidence from which the jury could have found in favor of appellees.

Appellant also argues we should reverse and remand for a new trial because the trial court failed to properly instruct the jury on the substantive law. Appellant addresses this point in three sub-arguments. Appellant's first sub-argument is that the trial court committed reversible error in failing to properly instruct the jury that the plaintiff was an invitee as a matter of law and entitled to a duty of ordinary care for her safety. Appellant

states in her brief she requested AMI 1104A, which is the standard instruction for a landlord's duty to a tenant's invitee, but there is no indication in the record or abstract that AMI 1104A was proffered by appellant. We have repeatedly held that in order to preserve an objection regarding an erroneous instruction of the law, the party appealing must make a timely objection informing the trial judge of the reason the instruction is wrong, and when the point of appeal is that the court failed to give an instruction, the party appealing must submit a proposed instruction on the issue. *Viking Ins. Co.* v. *Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992). It is incumbent upon appellant to present a record and abstract from which we can determine error occurred. *Puckett* v. *Puckett*, 289 Ark. 67, 709 S.W.2d 82 (1986). We find no error in this instance.

Appellant's second sub-argument is that the trial court erred by not including the following language from AMI 1106(B):

> If the owner knows or reasonably should know that a licensee is in a position of danger, he has a duty to use ordinary care to avoid injury to the licensee.

The use of this portion of AMI 1106(B) is discretionary. It is set off by brackets from the main body of 1106(B) and need not be given every time AMI 1106(B) is used. The evidence was that appellant had gone up the steps to see if her nephew was home and fell as she came down the last step. Since there was no evidence presented that appellant was in a position of danger about which appellees either knew or should have known, it was not error for the trial court to exclude the last portion of AMI 1106(B).

As her last sub-argument, appellant argues it was error for the trial court to refuse to give her proffered instruction on appellee's duty to warn of latent dangers. Appellant proffered the instruction to the trial court, but there is no record of any argument made by counsel to the trial court as to the reason this instruction should have been given. We do not consider arguments on appeal that were not raised in the trial court. *Viking Ins. Co.*, 310 Ark. 317, 836 S.W.2d 371. Since appellant did not present her argument below, we will not now consider it.

Affirmed.