DAVID M. GLOVER, Judge *464 This appeal arises out of a business contract between DeQueen Physical Therapy and Occupational Therapy, Inc. (DeQueen), and Brookewood, Limited Partnership (Brookewood). DeQueen is a corporation formed by Kim and Darin Tollett, both therapists, that provides therapy services in and around DeQueen, Arkansas. Brookewood is a long-term-care facility in DeQueen, Arkansas. The parties had a twenty-year contract prescribing that DeQueen would provide therapy services to Brookewood to the exclusion of all other long-term-care facilities in the area. Brookewood terminated the contract early, and the termination served as the impetus for this litigation initiated by DeQueen. Following a jury trial, a Sevier County jury awarded DeQueen $6 million in compensatory and punitive damages from Brookewood.
Brookewood appeals, and DeQueen cross-appeals. Counsel for both parties, through clear and concise oral arguments, directed our focus to the primary issues in this appeal. Those arguments are whether (1) the circuit court erred by allowing DeQueen's claim for damages relating to the early termination of the contract to go to the jury; (2) the circuit court erred by allowing DeQueen's claim for civil conspiracy to go to the jury; (3) a remittitur of the compensatory and punitive-damages verdicts should be ordered; and (4) the award of attorney's fees to DeQueen was proper. We affirm in part and reverse in part on direct appeal and grant a remittitur of the compensatory-damages award. We reverse and remand on cross-appeal.
I. Background
In 2006, Stephen Marinick, the CEO of Brookewood, solicited DeQueen to provide therapy services to Brookewood. On August 7, 2006, Brookewood and DeQueen entered into a twenty-year contract requiring DeQueen to provide therapy services to Brookewood to the exclusion of all other long-term-care facilities in the area. In exchange, Brookewood agreed to hire only DeQueen for its therapy services "provided DeQueen is capable of fully performing such services."
Before the execution of this contract, DeQueen also provided therapy services to Crystal Falls, the only other long-term-care facility in the area. In 2010, Brookewood's owners purchased Crystal Falls and closed it, making Brookewood the only long-term-care facility in Sevier County.
Issues arose between Brookewood and DeQueen. There are emails indicating Brookewood sought to increase DeQueen's Medicare and Medicaid billing. DeQueen contends that, essentially, Brookewood wanted it to fraudulently bill Medicare and Medicaid. Brookewood denies this allegation. Another point of contention between the parties concerned payment to DeQueen. In 2011, Brookewood ceased paying DeQueen for its services. Brookewood claims this was because DeQueen consistently failed to timely submit invoices.
In 2012, Brookewood entered into discussions for the provision of therapy services with another company, Realization Rehab, PLLC (Realization). During those negotiations, Brookewood hired Sarah Bishop, who was employed by Realization, to audit DeQueen's files. Following the audit, Brookewood notified DeQueen that it was terminating their contract because DeQueen was incapable of providing therapy *465 services comparable to other companies in its business. DeQueen claimed its contract was terminated because it was unwilling to engage in fraudulent billing practices with regard to Medicaid and Medicare. One week after the contract was terminated, Brookewood entered into a contract for therapy services with Realization.
DeQueen and its owners, the Tolletts, sued Brookewood for breach of contract and promissory estoppel alleging Brookewood owed them money for prematurely terminating their contract without cause and for unpaid services rendered. DeQueen and the Tolletts later amended their complaint, adding a civil-conspiracy claim against Brookewood. They also added Realization as a party, suing it for civil conspiracy and tortious interference, and they sought punitive damages from both Brookewood and Realization.[1]
The case eventually proceeded to a three-day jury trial. At the trial, DeQueen presented evidence of $80,849.66 in unpaid invoices and $3,833,210.49 in lost gross revenue from the early termination of the contract. DeQueen also presented evidence on its claims for tortious interference and civil conspiracy. When DeQueen rested its case-in-chief, Brookewood moved for a directed verdict on DeQueen's claims for early termination of the contract and civil conspiracy. These motions were renewed at the close of trial. The circuit court denied the motions for directed verdict.
Ultimately, the jury rendered a verdict awarding DeQueen $4 million in compensatory damages and $2 million in punitive damages against Brookewood on its breach-of-contract and civil-conspiracy claims. The jury also awarded DeQueen $500,000 in compensatory damages from Realization on its tortious-interference and civil-conspiracy claims; it declined to assess punitive damages against Realization. The circuit court entered a final judgment, and later, an amended and substituted final judgment.[2] Brookewood filed motions for JNOV, for new trial, or for remittitur. These posttrial motions were denied, and Brookewood appealed.
After the trial, DeQueen requested attorney's fees pursuant to Arkansas Code Annotated section 16-22-308 (Repl. 1999) and its contract with Brookewood-each of which allowed a prevailing party to recover a reasonable attorney's fee. DeQueen sought attorney's fees in the range of $197,939 to $2,145,000. DeQueen and its counsel had a 30 percent contingency-fee agreement, and the $2,145,000 figure is 30 percent of the judgment. DeQueen's motion also provided that its attorneys expended 565.54 hours on the case, and its attorneys requested an hourly rate of $350, which would total an award of $197,939. Instead, the circuit court awarded $178,845 in attorney's fees and costs to DeQueen in an order entered on August 28, 2014. In making the award, the circuit court assessed a $350 hourly rate and reduced the amount of time spent by 10 percent to account for time not devoted to the breach-of-contract claim. DeQueen later filed an additional motion for attorney's fees incurred during posttrial litigation. DeQueen argued that because the circuit court awarded fees on an hourly basis, it was entitled to fees incurred on posttrial matters; this request was denied. Thereafter, DeQueen cross-appealed issues relating to the award of attorney's fees.
*466 Our court previously dismissed two related appeals for lack of a final order. See Brookewood, Ltd. P'ship v. DeQueen Physical Therapy & Occupational Therapy, Inc. , 2016 Ark. App. 159, 2016 WL 903511 ; Brookewood, Ltd. P'ship v. DeQueen Physical Therapy & Occupational Therapy, Inc. , 2017 Ark. App. 84, 2017 WL 519216. Following our court's second dismissal, the circuit court entered a final order on July 20, 2017. Additionally, the circuit court considered DeQueen's petition for reconsideration of the attorney's-fee award and its petition for additional attorney's fees and costs for time and expenses incurred in posttrial matters. The circuit court denied DeQueen's motions relating to fees in orders entered on August 15, 2017. Brookewood filed a timely notice of appeal from the July 20, 2017 order and all previous orders. DeQueen timely cross-appealed the circuit court's August 28, 2014 order for fees and costs and the August 15, 2017 order denying reconsideration of the August 28, 2014 ruling.
II. Brookewood's Direct Appeal
Brookewood contends the circuit court erred by (1) denying its motions for directed verdict and JNOV on DeQueen's claim for future lost profits based on early termination of the contract, (2) denying its motions for directed verdict and JNOV on DeQueen's civil-conspiracy claim, (3) refusing to grant a remittitur of the compensatory-damages award, and (4) refusing to grant a remittitur of the punitive-damages award.
Brookewood's first point on appeal focuses on DeQueen's claim for breach of contract based on early termination of the contract. To prove damages related to this claim, DeQueen had an expert witness testify as to the anticipated amount of gross revenues it would have earned had the contract been in effect for its full term. DeQueen's expert, Dr. Christopher Brune, testified that DeQueen's anticipated gross revenues for the remaining fourteen years of the contract were $3,833,210.49.
At the close of DeQueen's case-in-chief and again at the close of the evidence, Brookewood made a motion for directed verdict on the early-termination claim because the only evidence of damages presented on this claim was gross revenues. The crux of the argument with regard to these motions was that DeQueen sought damages for future lost profits, and gross revenue was not substantial evidence of lost profits because it did not account for any expenses incurred to generate the revenue. The circuit court denied both motions for directed verdict. Following the conclusion of the trial, Brookewood filed a motion for JNOV on this issue that was also denied.
Brookewood contends it was error to deny its motions for directed verdict and its motion for JNOV. We will reverse the denial of a motion for directed verdict or a motion for JNOV if there is no substantial evidence to support the jury's verdict and the moving party is entitled to judgment as a matter of law. Ark. Realtors Ass'n v. Real Forms, LLC , 2014 Ark. 385, 442 S.W.3d 845. When a plaintiff's claim fails on legal grounds and the defendant is entitled to judgment as a matter of law, it is error to deny the defendant's motion for directed verdict. Bedell v. Williams , 2012 Ark. 75, 386 S.W.3d 493.
Gross revenue was the only evidence presented to the jury on the issue of damages resulting from the breach of the contract. Arkansas law is clear that gross revenue alone is not substantial evidence of lost profits. Cinnamon Valley Resort v. EMAC Enters., Inc. , 89 Ark. App. 236, 202 S.W.3d 1 (2005).
*467 DeQueen attempts to circumvent this problem by emphasizing its arguments during the discussion of the motion for directed verdict wherein its counsel stated it was seeking actual damages. We are not persuaded.
We acknowledge that in its amended complaint, DeQueen sought both actual damages and lost profits. Nevertheless, throughout the litigation, DeQueen characterized its damages as lost profits. When asked during discovery to specify its damages, DeQueen indicated it was seeking damages for lost profits, and at a motion hearing, DeQueen indicated it was seeking damages for lost profits. A litigant is not permitted to assume wholly inconsistent positions on the same issue in the same case. Int'l Harvester v. Burks Motors , 252 Ark. 816, 822, 481 S.W.2d 351, 355 (1972).
Even assuming DeQueen pursued a claim for actual damages, we must still reverse. Black's Law Dictionary defines actual damages as "an amount awarded to a complainant to compensate for a proven injury or loss." (10th ed. 2014). To compensate for loss sustained from a breach of contract, the damages recoverable are those that would place the injured party in the same position as if the contract had not been breached. Williams v. Davis , 2009 Ark. App. 850, 373 S.W.3d 381 (2009). To award damages based on anticipated future gross revenue would place an injured party in a position better than it would have been if the contractual obligations had been fulfilled. Accordingly, actual damages for early termination of a contract must take into account operating costs.
Damages are an essential element of a breach-of-contract claim. Here, DeQueen failed to present evidence of any expenses, regardless of whether any were incurred, relating to its claim for early termination of the contract. Thus, the jury was not presented with substantial evidence of damages, and the circuit court erred in refusing to grant Brookewood's motions for directed verdict and JNOV.
Brookewood also contends the circuit court erred by refusing to grant its motions for directed verdict and JNOV on DeQueen's civil-conspiracy claim. As before, we will reverse the denial of motions for directed verdict and JNOV if there is no substantial evidence to support the jury's verdict, and the moving party is entitled to judgment as a matter of law. Ford Motor Co. v. Washington , 2013 Ark. 510, 431 S.W.3d 210.
The scope of the arguments presented to the circuit court are an important consideration as we analyze this issue. In the motions for directed verdict, Brookewood argued DeQueen failed to prove the underlying intentional tort of tortious interference, failed to establish an agreement between Brookewood and Realization to interfere with the contract, and failed to prove a specific intent to accomplish the contemplated wrong. In the motion for JNOV, Brookewood argued DeQueen failed to present substantial evidence that Brookewood improperly terminated the contract, and DeQueen did not present evidence of an immoral, oppressive, or illegal motive in conspiring to terminate the contract.
*468 On appeal, Brookewood argues that the alleged conspiracy was not actionable as a matter of law because a party cannot conspire to breach a contract to which it is not a party. DeQueen argues that this point should be summarily affirmed because it was not raised below, and we agree. It is axiomatic that we will not address an argument not raised below. Daugherty v. Jacksonville Police Dep't , 2012 Ark. 264, at 14, 411 S.W.3d 196, 204. This is so because we must determine the issues on the record that was made in the circuit court, and issues not raised below cannot serve as the basis for a decision in this court. Id. Accordingly, we affirm the circuit court's denial of the motions for directed verdict and JNOV on the civil-conspiracy claim.
C. Remittitur of the Compensatory-Damages Award
Our court reviews issues of remittitur de novo. Carr v. Nance , 2010 Ark. 497, 370 S.W.3d 826 ; see also Advocat, Inc. v. Sauer , 353 Ark. 29, 111 S.W.3d 346 (2003). While remittitur is generally requested in order to lower punitive-damages awards that are found to be grossly excessive or that appear to be motivated by passion or prejudice, our courts have also held that it is appropriate when the compensatory damages awarded cannot be sustained by the evidence. Johnson v. Gilliland , 320 Ark. 1, 896 S.W.2d 856 (1995).
Whether remittitur is a proper remedy is a difficult question because the jury rendered its compensatory-damages award, which accounts for damages for unpaid invoices, early termination of the contract, and civil conspiracy, on a single verdict form. Ordinarily, a general verdict is a complete entity that cannot be divided, requiring a new trial upon reversible error; however, when a trial error relates to a separable item of damages, a new trial can sometimes be avoided by the entry of a remittitur. Jacuzzi Bros., Inc. v. Todd , 316 Ark. 785, 791, 875 S.W.2d 67, 70 (1994).
We have previously concluded that DeQueen's claim for early termination of the contract was improperly submitted to the jury. Thus, the jury's verdict, which includes damages relating to the early termination of the contract, cannot be sustained by the evidence. We also acknowledge that civil conspiracy is not actionable in and of itself, but recovery may be had for damages caused by acts committed pursuant to a conspiracy. Faulkner v. Ark. Children's Hosp. , 347 Ark. 941, 69 S.W.3d 393 (2002). Thus, the only claim for which the jury could have awarded compensatory damages was the claim for unpaid invoices. DeQueen requested $80,849.66 for its unpaid-invoices claim, and at oral argument, Brookewood conceded that it is required to pay DeQueen this amount. Because the unpaid-invoices claim is a separable item of damages, we remit the compensatory-damages verdict to $80,846.66.
Brookewood also seeks remittitur of the punitive-damages award. As with the compensatory-damages award, our court conducts a de novo review of issues of remittitur of punitive damages. Routh Wrecker Serv., Inc. v. Washington , 335 Ark. 232, 980 S.W.2d 240 (1998). Brookewood makes *469 several arguments in support of remittitur of the punitive-damages award. Specifically, it argues (1) punitive damages are not recoverable for breach-of-contract claims; (2) civil conspiracy is not an independent tort to support an award of punitive damages; (3) the absence of any punitive-damages verdict against Realization establishes that the punitive-damages verdict against Brookewood was based on breach of contract; (4) Brookewood had no malicious intent; and (5) a federal due-process analysis precludes the award of punitive damages.
Frequently during our review of a punitive-damages award, we are required to address whether an argument is preserved for our review. Accordingly, we begin by discussing the nature and scope of the arguments made to the circuit court.
In a posttrial motion, Brookewood sought a remittitur of the punitive-damages award because of "erroneous instruction or, upon evidence, aside from the amount of the damages assessed, that it was rendered under the influence of passion or prejudice." See Ark. Code Ann. § 16-64-123 (Repl. 2005). The accompanying brief to the motion included a discussion that the remittitur was proper because the punitive-damages award was improperly based on a breach-of-contract claim. In its brief, Brookewood highlighted that punitive damages were not assessed against Realization even though it also had a civil-conspiracy claim against it.
Based on the arguments presented to the circuit court, we summarily dispose of several of Brookewood's arguments on appeal. Specifically, we dispose of Brookewood's argument that because civil conspiracy is not an independent tort, punitive damages cannot be awarded based on that claim. We also dispose of the argument that punitive damages are improper because Brookewood had no malicious intent.[3] In support of its request for remittitur, Brookewood failed to present either of these arguments to the circuit court. Accordingly, we will not address them on appeal. See Daugherty , 2012 Ark. 264, at 14, 411 S.W.3d at 204. In addition, we summarily dispose of Brookewood's argument that a federal due-process analysis precludes an award of punitive damages. Whether due process supports the punitive-damages award was not discussed in Brookewood's posttrial motions. Nor was it mentioned in the circuit court's order denying the posttrial motions. Brookewood argues that it made its federal due-process argument in its answer, which generally provided that any award of punitive damages against it would violate its right to due process and equal protection. But regardless of whether this statement in Brookewood's answer sufficiently raised the issue for review, the circuit court did not expressly rule on it. It is an appellant's responsibility to obtain a ruling to preserve an issue for appeal. TEMCO Constr., LLC v. Gann , 2013 Ark. 202, 427 S.W.3d 651. This court cannot presume a ruling from a circuit court's silence, and we will not review a matter on which the circuit court has not ruled. Id.
Summarily disposing of these arguments leaves our court with the task of determining whether punitive damages were improperly awarded based on breach of contract and whether the absence of any punitive-damages verdict against Realization establishes that the punitive-damage verdict against Brookewood was based on breach of contract.
*470 First, we address Brookewood's argument that remittitur of the punitive-damages award is appropriate because punitive damages cannot be awarded for breach of contract. McClellan v. Brown provides that "punitive damages are not ordinarily recoverable for breach of contract." 276 Ark. 28, 30, 632 S.W.2d 406, 407 (1982). The McClellan case further provides that to support a claim for punitive damages, there must be a willful or malicious act in connection with a contract. Id.
In order to be awarded punitive damages, a party must specifically plead and prove a tort. L.L. Cole & Son, Inc. v. Hickman , 282 Ark. 6, 665 S.W.2d 278 (1984). Here, DeQueen did just that. It pled and proved the tort of civil conspiracy. Thus, punitive damages may be properly awarded on this basis.
Next, we consider Brookewood's argument that the absence of any punitive-damage verdict against Realization establishes the punitive-damages verdict against Brookewood was based on breach of contract. The jury refused to award punitive damages to DeQueen for its tortious-interference and civil-conspiracy claims against Realization. Brookewood contends this establishes that the punitive-damages award against it was improperly based on breach of contract. We disagree. Nothing required the jury to assess punitive damages to both Realization and Brookewood.
Thus, finding no error based on the arguments properly raised by Brookewood on appeal, we affirm the award of $2 million in punitive damages against Brookewood.
III. DeQueen's Cross-Appeal
On cross-appeal, DeQueen argues the circuit court abused its discretion with its initial award of attorney's fees and its refusal to award additional fees incurred during posttrial litigation. We reverse and remand on cross-appeal without reaching the merits of these arguments.
DeQueen sought fees pursuant to Arkansas Code Annotated section 16-22-308 and its contract with Brookewood. Arkansas Code Annotated section 16-22-308 authorizes a circuit court to award a reasonable attorney's fee to the prevailing party in breach-of-contract actions. Similarly, the contract between DeQueen and Brookewood provided that "[i]n the event that one party has to bring suit against other party for non-performance the prevailing party will be entitled to reasonable attorney fees." Because we have concluded the early-termination claim was improperly submitted to the jury and reverse in part on this basis, we must reverse and remand on cross-appeal so that the circuit court may determine a reasonable attorney's fee for the prevailing party under the current circumstances.
Affirmed in part and reversed in part on direct appeal; remittitur granted; reversed and remanded on cross-appeal.
An order for partial summary judgment disposed of the promissory-estoppel claim and the Tolletts' breach-of-contract claims.
The original judgment included a clerical error.
We acknowledge, however, that the evidence supports a finding of malicious intent by Brookewood.